### HARRAH v. OLDFIELD, District Judge.

No. 9540—Opinion Filed Feb. 26, 1918.

(171 Pac. 333.)

(Syllabus.)

**Prohibition — Erroneous Application of Law —Remedy by Appeal.**

Where an inferior court has jurisdiction of the subject-matter and the parties to an action, and an appeal will lie to the Surpeme Court from the order of said inferior court, prohibition will not issue, though the trial court may make an erroneous application of the law in the determination of the issues therein.

Original petition for writ of prohibition by Jessie Harrah against Edward Dewes Oldfield, Judge of the Thirteenth Judicial District of the State of Oklahoma, sitting in Oklahoma County, Okla. Dismissed.

John H. Myers, for plaintiff.

Wilson, Tomerlin & Buckholts, for defendant.

HARDY, J. Jessie Harrah filed in this court an original petition wherein she prayed a writ of prohibition against Hon. Edward Dewes Oldfield, one of the judges of the district court of Oklahoma county. The parties will be referred to as plaintiff and defendant, respectively.

In an action pending in the district court entitled National Trust & Investment Company, a corporation, v. Frank Harrah, certain proceedings were had in aid of execution issued against defendant, Frank Harrah, upon a nulla bona return thereof. In that proceeding the district court made an order forbidding and restraining the sale or disposition in any manner of certain tax certificates sought to be impounded and appropriated to the satisfaction of the judgment. The cause was referred to Hon. Wm. R. Taylor as referee, who took testimony and reported his findings of fact and conclusions of law to the court. The report coming on for hearing on motion to confirm and motion for additional findings of fact and exceptions thereto, same was by the court confirmed as to certain findings of fact, wherein it was found that said tax sale certificates were the property of Frank Harrah, and that they had been fraudulently transferred to his wife, Jessie Harrah, the plaintiff. The court made additional findings to the effect that certain other tax sale certificates were the property of the defendant, Frank Harrah, but had been fraudulently placed in the name of his son, C. S. Harrah, and transferred to plaintiff. Thereupon G. E. Johnson, sheriff of Oklahoma county, was appointed receiver of said property and directed to institute replevin or any other proper proceedings to recover possession of said tax sale certificates, which cause is now pending, and one of the objects of this proceeding is to prohibit defendant as judge of the district court of Oklahoma county from entertaining jurisdiction of said replevin suit and proceeding further therein. In the proceeding in aid of execution referred to after the institution of the replevin action by the receiver, informations were filed advising the court that plaintiff, Jessie Harrah, her husband, Frank Harrah, and their son, C. S. Harrah, and John H. Myers, their attorney, had contemptuously violated the injunctional orders issued by the court in that said tax sale certificates had been sold and disposed of and were in the hands of third persons unknown and beyond the jurisdiction of the court, and it is also sought to restrain defendant from entertaining jurisdiction of this contempt proceeding.

The principal ground urged for the issuance of the writ is that in the judgment

confirming the report of the referee it was expressly adjudged that said tax sale certificates were the property of the defendant, Frank Harrah, and had been wrongfully transferred to plaintiff, Jessie Harrah, and that by said findings and decree it was attempted to adjudicate the rights of plaintiff in an action to which she was not a party and by a judgment from which she had no right of appeal. The test as to whether the writ of prohibition should issue is whether the court wherein the proceeding is pending which is sought to be prohibited had jurisdiction thereof, for where an inferior court has jurisdiction of the subject-matter and the parties to an action, and an appeal lies from the orders and judgment of said court therein to the Supreme Court, prohibition will not issue, though said court may make an erroneous application of the law in the determination of the issues therein. Spradling v. Hudson, 45 Okla. 767, 146 Pac. 588; State v. District Court of Marshall Co., 46 Okla. 654, 149 Pac. 240.

It is not contended that the district court of Oklahoma county is without jurisdiction to entertain the replevin action brought by the receiver, but, as stated, the claim is that the judgment in the original proceeding purports to adjudicate matters that should be litigated in the replevin suit. This objection does not go to the jurisdiction of the court. We will at this time undertake to pass upon the effect of the judgment upon the rights of plaintiff who alleges that she was not a party thereto, but will leave this question to be determined by the trial court when same is properly presented in the replevin action.

No contention is made that the district court is not possessed of the power and jurisdiction to hear and determine the contempt proceeding. The contention of plaintiff in reference to this branch of the case is that the order which is alleged to have been violated was issued without requiring a bond to be given, and was against the plaintiff who was not a party to that action. If this contention be true it may be urged as a defense in the trial court and should be called to the attention of that court in order that he may have an opportunity to investigate the truth of the allegations.

It is clear that the district court of Oklahoma county has jurisdiction both of the replevin action and of the contempt proceedings, and may lawfully hear and determine all the questions that are here urged, and the bare fear that the court may misapply the law in the determination of such ques-

tions will not authorize us to interfere, for the writ of prohibition cannot be made a substitute for appeal or writ of error.

The petition is therefore dismissed.