## O. S. STALEY v. STATE.

No. A-9908.   Jan. 14, 1942.

(121 P. 2d 324.)

Mathers & Mathers, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.   The defendant, O. S. Staley, was charged by information, on June 26, 1939, in the county court of Beckham county with the unlawful possession of intoxicating liquor, was tried, convicted, and sentenced to serve a term of 90 days in the county jail and to pay a fine of $200, and appeals to this court.

Counsel for defendant make two contentions in their brief:

(1)  That the court erred in overruling defendant's motion to suppress the evidence.

(2)  That the evidence is insufficient to support the conviction.

Defendant urges that his motion to suppress should have been sustained for the reasons that the affidavit for search warrant states that the premises are not the private residence of defendant, when in fact they were, and since the premises were his private residence, the affidavit was insufficient without an allegation that the premises were a place of public resort or used as a place of storage, and that the search warrant is void and indefinite because it includes property not in possession or under control of defendant.

The caption of the affidavit for search warrant is: "The State of Oklahoma v. Intoxicating Liquors"; and it is stated in the affidavit that liquors are being kept in violation of the law by defendant on "Lots 12 to 19, in Block A of the Dewaides Addition in the City of Elk City, Beckham County, State of Oklahoma," and further that the premises described are not the private residence of the defendant or any other person.

In the hearing upon the motion to suppress the evidence, it was shown that defendant occupied lots 13 to 19, and that lot 12, which adjoined defendant's premises, was a vacant lot belonging to another. Defendant stated that he had no control over lot 12.

It is undisputed that there is no other building or improvements on any of the property described in the search warrant other than the buildings leased by the defendant. Since lot 12 was a vacant lot and not within

the curtilage of a residence, there could be no misunderstanding from the description in the search warrant as to the property to be searched.

The fact that the search warrant contained the description of the vacant lot, which was not under actual lease to defendant, does not make it a blanket search warrant.

Testimony of defendant showed that the premises described contained a filling station, a dance hall, and a restaurant, all in the same building. Defendant and his wife had a bed in the filling station. They kept part of their clothes in the filling station and part of them in the restaurant.

This place was not a private residence, occupied as such, because of the mere fact that defendant and his wife slept in one part of it and kept their clothes in another; they were rather sleeping in a place which was public. The place where defendant slept was in the front of the filling station which was open to the public at all times. The defendant, in answer to a question by his counsel, said he lived at the Tower Night Club and Filling Station. The burden was upon defendant in support of his motion to suppress to show that the premises were a private residence, occupied as such, and he failed to do this.

The officer found 11 one-half pints of whisky and gin concealed in the counter of the restaurant. Defendant offered no testimony at the trial of the case.

The state showed defendant in possession of more than a half-gallon of whisky. This was sufficient to make a prima facie case, since the Legislature has provided that the possession of in excess of one quart of intoxicating liquor is prima facie evidence of an intent to

violate the law. Section 2626, O. S. 1931, as amended by Session Laws of 1933, ch. 153, p. 339; 37 Okla. St. Ann. § 82. Thomas v. State, 70 Okla. Cr. 404, 106 P. 2d 836.

For the reasons stated above, this case is affirmed.

BAREFOOT, P. J., and DOYLE, J., concur.