# BOB PETERSON v. STATE.

No. A-10103.    Feb. 3, 1943.
(133 P. 2d 914.)

Robt. R. Rittenhouse, of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for defendant in error.

JONES, P. J.    The defendant, Bob Peterson, was charged in the court of common pleas of Oklahoma county with illegal possession of intoxicating liquor, was tried, convicted and sentenced to serve 30 days in the county jail, pay a fine of $50 and costs, and has appealed.

It is insisted that the search and seizure of the whisky was in violation of the constitutional rights of the defendant, and that, therefore, the court erred in overruling the motion to suppress the evidence.

The motion to suppress was not directed at the form of the affidavit to secure the search warrant, but is directed solely at the description set forth in the affidavit and in the search warrant.

The description of the premises searched is as follows:

"A one and one-half story frame house and out buildings located at 2330 N. Bryan Street adjacent to Oklahoma City, in Oklahoma County, Oklahoma."

It is undisputed that the house of defendant had the number 2218 on it. It was the contention of the officers that the description set forth in the search warrant was correct, but that the number 2218 had been placed on the house by the defendant to confuse the officers and prevent them from procuring a search warrant which would correctly describe the premises.

L. H. Kolb, the officer who procured the search warrant, testified that he formerly lived just a block west of defendant's house and was well acquainted with it. That he had passed the house many times and knew that the correct description was 2330 North Bryan street. That there was only one house on that side of the street in the 2300 block North Bryan and that an officer armed with a search warrant with that description would have no difficulty in serving it on the correct premises, as there were no other houses on that side of the block to confuse the officer. Proof is also shown that the house in question was listed as 2330 North Bryan in the City Directory.

In addition, several plats and maps were introduced which substantiated the testimony of the officer.

The defendant testified on the motion to suppress that he lived at 2218 Bryan street, which was the house searched by the officers.

With this conflict in the evidence a question of fact as to the correct legal description was presented to the court for its determination. There is abundant substantiating evidence in the record to support the finding that the description set forth in the search warrant was the correct legal description of defendant's premises and so

definitely described the premises to be searched that the officer executing the warrant could determine from the face of the warrant the premises to be searched without the aid of any outside information.

Such finding of the trial court, when supported by substantial evidence, will be sustained on appeal.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT and DOYLE, JJ., concur.