## CARL HUGHES v. STATE.

No. A-10537. Sept. 4, 1946.
(172 P. 2d 435.)

A. E. Pearson and Warren H. Edwards, both of Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Ewing C. Sadler, Asst. Atty. Gen., for defendant in error.

JONES, P. J.   The defendant, Carl Hughes, was charged in the court of common pleas of Oklahoma county with the offense of unlawful possession of intoxicating liquor, was tried, convicted, sentenced to serve 30 days in jail and pay a fine of $50, and he appealed.

At the time the case was called for trial, counsel for defendant filed a motion to suppress the evidence on the ground that the search warrant under which the whisky involved in the prosecution was seized did not clearly describe the premises of the defendant which were searched by the officers.   Evidence was introduced by the defendant and by the state at the hearing on the motion to suppress evidence.

The description in the search warrant reads:   "A one-story frame dwelling house and all out buildings located at 234 N. W. 62nd Street, being near the S. E. Corner of N. Harvey Street, and 62nd Street, adjacent

to Oklahoma City, in Oklahoma County, Oklahoma." In addition to this description, the warrant alleged the premises were occupied by Carl Hughes.

The defendant testified that 21 quarts and 55 pints of intoxicating liquor seized by the officers on August 3, 1944, and 21 four-fifths bottles and 31 pints of liquor seized by the officers on September 24, 1944, belonged to him and were taken in a search of his house in his presence. He testified that the correct legal description of his premises was 236 N. W. Ashland Boulevard; and his house did not have a number on it, but that there were some vacant lots between his house and the corner, and that if the house was numbered according to the way they are generally numbered in Oklahoma City it would have number 236. He further admitted on cross-examination there was no other house in that block. He further stated on cross-examination that the street he lived on was one block south of the main thoroughfare known as 63rd street, and that the street he lived on was commonly known as 62nd street; that 62nd street and Ashland street were the same streets, and that Harvey street ran north and south on the west side of the block in which he lives.

E. D. Hill, an engineer, testified that he had formerly been county surveyor of Oklahoma county, and as such was familiar with the plats and locations of the streets in Oklahoma county. He further testified that the defendant lived near the junction of Ashland and Harvey streets, and that if the house had been numbered it should be 236 or 238 Ashland Boulevard. On cross-examination he testified that the defendant's house was one block south of 63rd street and the second pair of lots east of Harvey street on Ashland Boulevard and was the

only house in the block on the south side of the street. He further testified that if he was directing a person to the defendant's house he would tell them to go to 63rd street and then one block south on Harvey street and go to the house on the south side of the street east of Harvey.

The trial court then asked the witness Hill this question: "If I were to tell you, Mr. Hill, I want to go up to a house located on the southeast corner of 62nd and North Harvey streets, would you go to this house?" To which the witness answered: "That is the only house in the block. That is what I would have to do, that is right."

On behalf of the state, Noah Richmond, a deputy sheriff, testified that he was one of the officers who made the raid at the defendant's place. That he had never been to the defendant's house prior to the raid; that he was given the search warrant to execute with the description set forth in it, and got to defendant's house without the aid of any other information than that contained in the search warrant. That the description set forth in the search warrant was the correct description of the premises given according to the streets as they were commonly known in Oklahoma City. That the open paved street from Lincoln Boulevard to Western avenue was commonly known as 63rd street; that 62nd street was just a block south of 63rd street, and the defendant's house was close to the southeast corner of the intersection of 62nd street and North Harvey street. That there was no other house in the block by which he would be confused as to which building was described in the warrant.

The settled rule as to a sufficient description in a search warrant has been stated as follows in Pitzer v. State, 69 Okla. Cr. 363. 103 P. 2d 109:

"The description of the house to be searched, the names of the occupants of the premises, together with the legal description set forth in the search warrant, should all be read together; and if the same are sufficient to enable the officer executing the search warrant to locate the premises to be searched without the aid of any other information save that contained in the warrant, the same is sufficient."

See, also, Mitchell v. State, 43 Okla. Cr. 63, 277 P. 260; Bohannon v. State, 66 Okla. Cr. 190, 90 P.2d 675.

In the instant case, there was dispute between the testimony on behalf of defendant and the witness for the state as to whether the description set forth in the search warrant was the correct legal description of the defendant's premises. It is admitted, however, by all the witnesses that a person taking the description as written in the warrant would go to the house of the defendant, which was searched without the aid of any other information save that contained in the warrant.

In Peterson v. State, 76 Okla. Cr. 46, 133 P.2d 914, it is held:

"In hearing on motion to suppress evidence, court's finding on disputed question of fact as to whether search warrant sufficiently described defendant's premises will be sustained where there is competent evidence in record to support finding."

Since there is competent evidence in the record sufficient to sustain the finding of the trial court on this issue, this court will not interfere with the judgment overruling the motion to suppress.

Although the question is not raised in the motion for new trial, nor set forth in the petition in error attached to the case-made filed herein, counsel for defendant in their brief present the issue that the defendant did not waive a jury and did not have a trial, but was arbitrarily found guilty by the court immediately after the overruling of his motion to suppress evidence, and that since the defendant did not waive a jury and did not have a trial that the court was wholly without jurisdiction to render any judgment and sentence against him.

Because the issue raised is a fundamental one going to the jurisdiction of the court to pronounce judgment and sentence against the accused, this court proceeded to hear said matter, even though it was raised for the first time on appeal in the brief filed by counsel for defendant. It is well to note at this point that present counsel for defendant did not appear in the trial below. Counsel who appeared for defendant before the trial court never, at any time, raised the issue that the defendant had not had a trial in accordance with the statutes and Constitution of this state.

The record discloses the following at the conclusion of the hearing on the motion to suppress evidence:

"The Court: The motions to suppress are overruled, and exceptions are allowed. Mr. James: We rest on the motions and give notice of appeal in open court. The Court: Why not stipulate here that the testimony, evidence and record on the motion to suppress in each case will be the testimony, evidence and record used in the case on its merits? Mr. James: That's all right. Mr. Arends: All right. I guess we have it in the record that this happened in Oklahoma County, Oklahoma? Mr. James: We will agree that this is definite enough to fix it in Oklahoma county, Oklahoma. The Court: In Okla-

homa county, State of Oklahoma. Then let the record in each case show that the court finds the defendant guilty; and notice of appeal to the Criminal Court of Appeals of the State of Oklahoma is given in open court, and that 30 days from this date are allowed in which to make and serve a case-made, three days thereafter to suggest amendments, and the same to be signed and settled on three days notice in writing by either party. You will have to file a motion for new trial in each case. Mr. James: I will file that. The Court: The defendant may remain on the same bond, and sentence day, in each case, is set for Saturday morning. October 14, 1944."

While there is no express statement in the record by counsel for defendant waiving a jury, it is clear that the defendant and his counsel, by their conduct, indicated that such was their desire by entering into the stipulation which appears in the record. It is apparent from statements of counsel for defendant that he was resting his defense solely on the motion to suppress, as he attempted to appeal directly from the order of the court overruling the motion. Since the order overruling the motion to suppress evidence was not a final order in the case and hence not appealable, there had to be a final judgment by the court before the issue raised in the motion to suppress evidence could be presented by appeal.

In Daniels v. State, 55 Okla. Cr. 298, 29 P.2d 997, it is held:

"A defendant in a criminal case may waive any right not inalienable, given him by the statute or by the Constitution, either by express agreement or conduct, or by such failure to insist upon it in seasonable time as will operate as an estoppel to his afterwards setting it up against the state."

In Ex parte Wooldridge, 72 Okla. Cr. 292, 115 P. 2d 284, it is stated:

"A person prosecuted for a crime may waive the rights guaranteed to him by Bill of Rights relating to trial by jury, right to be heard by counsel, etc."

See, also, Coffe v. State, 59 Okla. Cr. 121, 56 P.2d 1194; Kennamer v. State, 59 Okla. Cr. 146, 57 P.2d 646.

In conformity to these decisions, it is our conclusion that the defendant and his counsel by their conduct, considered together with the express agreement as shown by the stipulation, are estopped to now raise the question that they did not waive a trial by jury or agree to submit the matter to the court. We think the record is sufficient to show that such was the intention of the parties, and we shall give effect to such intention as disclosed by the record.

The judgment of the court of common pleas of Oklahoma county is affirmed.

BAREFOOT, J., concurs. DOYLE, J., not participating.