## LE BLANC v. STATE.

No. A-11615. May 21, 1952.

(245 P. 2d 134.)

Tom Payne, Okmulgee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and James P. Garrett, Asst. Atty. Gen., for defendant in error.

BRETT, P. J. Plaintiff in error Stella LeBlanc, defendant below, was charged in the superior court of Okmulgee county, Oklahoma, with the offense of unlawful possession of intoxicating liquor, to wit, 10 bottles of non-tax paid whiskey consisting of pints and half pints. The defendant was tried by a jury, convicted, her punishment set at 30 days in jail and a $50 fine; and judgment and sentence entered accordingly.

The defendant attacks the evidence by motion to suppress on the grounds it was unlawfully obtained. One of the contentions urged herein on this ground is that the affidavit upon which the search warrant was obtained, under which the search was conducted, was fraudulent, a subterfuge and a predicate for an unlawful search. In other words, it is contended the officers did not have sufficient knowledge to make the allegations charged in the affidavit. We have repeatedly held that, where an affidavit to procure a search warrant is in positive terms, one will not be permitted to go behind the affidavit and show the officers did not have sufficient knowledge of the charges alleged in the affidavit. Hughes v. State, 85 Okla. Cr. 25, 184 P. 2d 625. See the numerous cases cited therein in support of the rule.

The second proposition urged by the defendant is that the search and seizure was unlawful in that the description of the place to be searched as

described in the search warrant was defective. The place described in the search warrant was as follows, to wit, "that certain quantities of intoxicating liquors belonging to Stella LeBlanc are now being kept in the white frame house used by her as a home and place of public resort located 1120 East Second St. in the city of Okmulgee, Okmulgee County, Oklahoma,". Two officers testified they did not know what was the color of the defendant's house. The defendant testified her house was not white but buff and green and on cross-examination she testified her house was located at 1120 East Second Street, Okmulgee, Oklahoma, as described in the search warrant. The record shows no other house was searched and it is not disputed that the place searched was 1120 East Second and that it was the defendant's house. It therefore makes no difference what color the house was if the description in the search warrant is sufficient to enable the officers executing the search warrant to locate the premises to be searched, without the aid of any other information save that contained in the search warrant. Hughes v. State, 83 Okla. Cr. 16, 172 P. 2d 435; Kutz v. State, 83 Okla. Cr. 324, 177 P. 2d 139. The color of the house therefore was immaterial since the number and street correctly described the place to be searched and the officer unfamiliar with the location of the defendant's place could have found it from the description contained in the search warrant without seeking aid from any other source than that set out in the warrant. Furthermore, in this connection the defendant complained that the lot and block number was not used in the search warrant. This contention is wholly without merit in light of the foregoing authorities, particularly in the Kutz case supra, there was no description by lot and block number, nor did the warrant contain the street number of defendant's premises but it was held sufficient because the description contained therein was sufficient to enable the officer to find the defendant's premises without aid to any other information other than that contained in the search warrant. In Hughes v. State, supra, this court said:

"The settled rule as to a sufficient description in a search warrant has been stated as follows in Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109; 'The description of the house to be searched, the names of the occupants of the premises, together with the legal description set forth in the search warrant, should all be read together; and if the same are sufficient to enable the officer executing the search warrant to locate the premises to be searched without the aid of any other information save that contained in the warrant, the same is sufficient."

Thus the description is entirely sufficient.

The defendant's third contention is that the trial court erred in permitting the county attorney to show on cross-examination of defendant, prior municipal court bond forfeitures in other liquor charges lodged against the defendant in the city court. The defendant contends the record would have been the best evidence thereof. Such is not the case on cross-examination of defendant concerning a matter within his personal knowledge. The defendant admitted she posted bonds for liquor violations and forfeited them in the municipal court. Having taken the stand in her own behalf she came within the rule of Storer v. State, 84 Okla. Cr. 176, 180 P. 2d 202, 207, as follows:

"A defendant by availing himself of the privilege of testifying in his own behalf thus waives his constitutional privilege of remaining silent and has all the rights and is subject to the same rules of cross-examination and impeachment as other wtinesses.

"The statute, 12 O. S. 1941 § 381, permits proof of a prior conviction of the defendant in a criminal case for the purpose of affecting his credibility as a witness. This proof may be made either by the record or on cross-examination of the defendant."

Such inquiry went to her credibility as a witness. Moreover in Chambless v. State, 90 Okla. Cr. 423, 214 P. 2d 947, and Wheatley v. State, 77 Okla. Cr. 122, 139

P. 2d 809, we held that the defendant may be interrogated on cross-examination as to police court convictions for alleged possession of whiskey, for the reason, such offenses constituted offenses under state law, and such convictions go to the witness' credibility. We are of the opinion that, where as herein, the police court bond forfeitures were deliberately made, in cases involving unlawful possession of intoxicating liquor, such are tantamount to a plea of guilty and should be so regarded. Hence the cross-examination relative to the same is not improper as going to the witness' credibility. Moreover, the cross-examination herein involved could not have been prejudicial to the defendant in face of her admission of guilt as charged in the information, and in view of Title 22, § 1068, O. S. 1951, since the said evidence could not have resulted in a miscarriage of justice. Furthermore, her defense is too weak to remove her from the provisions of Title 37, § 82, O. S. 1951, in substance, providing that the keeping "in excess of one quart of any spirituous, [etc.,] liquors * * * in or about his place of business or his residence * * * shall be prima facie evidence of an intention to convey, sell or otherwise dispose of such liquors * * *."

Likewise, in view of the provisions of Title 37, § 82, O. S. 1951, there can be no merit in the defendant's fifth contention that the trial court erred in permitting the county attorney in his opening statement to say, "whiskey was found in her possession with the unlawful intent to sell it". In this connection it has been held in Duncan v. State, 89 Okla. Cr. 325, 207 P. 2d 324, 327:

"Ordinarily, error cannot be predicated upon the opening statement of a prosecuting attorney to the jury, specifically stating what facts he expects to develop in testimony, where later, for some reason, he fails to introduce evidence to support some of the narrative related in the opening statement, unless such unsupported portions of the opening statement were made in bad faith and were manifestly prejudicial."

Under the record herein made, the pleadings alleged possession for the purpose of sale "or giving away". It is manifest under these conditions the statement was not made in bad faith and under the allegations of the information and admissions of the defendant, could not have been prejudicial.

The defendant's fifth contention is that the remarks of the county attorney in his closing argument that the whiskey seized herein was "rot gut", and "the kind of stuff that would make you blind", is not reversible error in light of the defendant's objection and the trial court's order sustaining the objection and his instruction to the jury not to consider the same. Furthermore, an excerpt from arguments of counsel removed from the context of the argument and unexplained is ordinarily not sufficient ground upon which to predicate a claim of error, since the appellate court cannot determine whether the remark was invited or provoked by opposing counsel. In Glasgow v. State, 88 Okla. Cr. 279, 202 P. 2d 999, 1000, we said:

"Where the guilt of the defendant is clear, and there is no reason to believe that the jury could have arrived at any other verdict than guilty, Criminal Court of Appeals will not reverse the case because of the alleged improper conduct of the County Attorney, but in the exercise of its discretion will modify the penalty imposed and affirm the judgment of the lower court."

Furthermore, the verdict itself shows a lack of prejudice since the minimum fine and jail sentence was imposed.

Finally, the defendant contends the trial court erred in permitting the state to endorse the name of Sheriff Jim Kirby on the information after the jury had been selected. It appears from the record herein that the name of Clede Cunningham, deputy sheriff, was endorsed on the information, when this

284

case was called for trial. When the case was called for trial the county attorney asked leave to endorse the name of Mr. Kirby, sheriff of Okmulgee county, on the information. To this request the defendant objected, for the reason, "the case being on call". This objection was overruled, and rightfully so. Sheriff Kirby's testimony was identical with that of Clede Cunningham, and the unlawful possession of the intoxicating liquor was later admitted by the defendant. The endorsement of the sheriff's name on the information, from an evidentiary standpoint, was merely cumulative, and could not have prejudiced the defendant's rights, since it would not constitute an infringement of any of her rights in preparing her defense. Certainly such is the case in face of the defendant's admission of possession of the liquor as charged. The endorsement of Mr. Kirby as another witness on the information was a matter within the sound judicial discretion of the trial court, and under the conditions herein involved, and was not within the rule of Harding v. State, 95 Okla. Cr. 8, 238 P. 2d 376. Therein, there were no witnesses endorsed on the information at the time of trial. But that is not the case herein. Therefore, this case is clearly distinguishable from the Harding case. Of course, if there had been no witnesses endorsed on the information herein the rule in the Harding case would apply.

We are of the opinion that the defendant was admittedly guilty of a violation of law and the jury could have arrived at no other verdict than that of guilty. For all the foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

JONES and POWELL, JJ., concur.