## KIZER v. STATE.

No. A-11809.   Oct. 28, 1953.

(262 P. 2d 718.)

Percy Hughes, Hobart, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

BRETT, J. The plaintiff in error, Roy Kizer, defendant below, was charged in the county court of Harmon county, Oklahoma, with the offense of unlawful possession of intoxicating liquor, Title 37, § 82, O.S. 1951, for the purpose of bartering, giving away and otherwise furnishing the same contrary to law, said intoxicating liquor being whiskey consisting of 112 half pints. The offense was alleged to have been committed on the 1st day of December 1951. The defendant was tried by a jury, convicted, his punishment fixed at 30 days in jail and a $50 fine; judgment and sentence in conformity therewith was entered on March 31, 1952, from which this appeal has been perfected.

The judgment and sentence is attacked on the ground that the trial court erred in overruling the defendant's motion to suppress the evidence, for the reason that such evidence was obtained by the state by means of an illegal search and seizure made in violation of the defendant's constitutional and statutory rights. The affidavit for search warrant executed by E. A. Story alleged in substance that the defendant Roy Kizer in a certain building described as a 4-room frame plank building used as a residence located on lots 3, 4 and 5 in block 5 of the townsite addition to the city of Hollis, Oklahoma, was in unlawful possession of intoxicating liquor which he had for the purpose of bartering, giving away, etc., in violation of law; and further in substance alleged he was personally acquainted with the said premises and that numerous automobiles and persons were seen to go to and from the premises at all hours of the day and night, and that said persons were known to him to be persons who indulged excessively in the use of intoxicating liquor, and that the affiant personally knew that liquor was being stored on the pemises for the purpose of sale contrary to law.

Upon the basis of the hereinbefore described affidavit for search warrant, the county judge, Honorable C. H. Madden, made and issued a search warrant directed to any sheriff, constable, marshal or policeman in the county of Harmon directing, in substance, that the premises of Roy Kizer located on lots 3, 4 and 5 of block 5 of the townsite addition to the city of Hollis, Oklahoma, where said intoxicating liquor, towit, whiskey, etc., was being sold in violation of law and directing the said premises be searched, said liquor seized and safely kept and brought before the county judge, and the defendant be arrested, etc.

Prior to trial the defendant interposed a motion to suppress the evidence, and the said motion came on for hearing on March 18, 1952. Witnesses were sworn, evidence heard thereon, and the motion to suppress was overruled and the case thereupon proceeded to trial before which the defendant again interposed his objection to the introduction of evidence on the ground of the illegality of the search and seizure.

The basis for said contention of an illegal search was that the search warrant was a blanket warrant in that the search warrant described a 4-room plank building used as a residence and not a frame house covered with stucco as was

the 4-room house in which the defendant lived and where the search and seizure was made. Further in support of this contention evidence was introduced to show that the house that was searched and which was occupied by the defendant was located on lot 3 and there were 4 rooms therein and a part of a room that was unfinished. The evidence further disclosed that the owner of the said property, Mr. Harry D. Barnes, was engaged in the house moving business, and that he had moved on the unoccupied lots 4 and 5 an old store building, one end of which was partially open and had never been finished, and that there was no one living in it on December 1, 1951, the date the search and seizure was executed in the 4-room house occupied by the defendant.

Evidence was further offered by the defendant on the motion to suppress by one J. M. Goldsmith to the effect that he and two other transients placed a mattress in the old store building and used the same for lodging purposes a few nights while they were picking cotton until they could find better quarters. The record shows these men had not paid rent to Mr. Barnes but they were trespassers. It does not appear that there was any other building located on lots 3, 4 and 5 in said addition or that there was anyone else living on said property other than as hereinbefore set forth. We are of the opinion that the affidavit and search warrant herein complained of is so sufficiently definite and certain as to the place to be searched that the officers to whom it was directed would have no difficulty in determining from the face thereof the place to be searched, so as to leave nothing to the discretion of the officers. The unfinished, unrented store building could not be confused with the residence of the defendant or any one else. The search warrant described the premises as the home of the defendant, Roy Kizer, and it accurately described the premises as lots 3, 4 and 5 in block 5. The search was confined solely to the defendant's residence where the whiskey was found. The unfinished store building was not involved in the search. We are of the opinion that the occupancy by trespassing transients of said store building is not such an occupancy, within the purview of the law, as would constitute a search under a blanket search warrant and invalidate the search and seizure. The defendant relies upon the case of Young v. State, 63 Okla. Cr. 196, 74 P. 2d 392. In that case there were 2 separate residences occupied by different families living on the said lots as described in the search warrant. Such is not the situation in the case at bar. There was actually only one residence located on the lots as described in the search warrant herein involved. The fact that the residence was inaccurately described as a frame, plank building instead of a stucco building in view of the fact that there were no other houses located on the said lots other than the old store building temporarily located thereon, which within legal intent was unoccupied, left the premises of the defendant otherwise properly described, naming him as the occupant thereof, as the only place to be searched on the described premises, hence the officers were enabled to find the premises without resorting to any other information other than that contained in the search warrant. In Hughes v. State, 83 Okla. Cr. 16, 172 P. 2d 435, the description in the search warrant describing the premises to be searched as located at 234 North West 62nd street being near the east corner of North Harvey on 62nd street, the number thereon should have been 236 instead of 234, it appears there was no other house in the block as described which would be confused with any other premises. Therein it was held that the description was sufficient. Judge Jones in support of the conclusion therein set forth cited Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109, wherein it was said:

"The settled rule as to a sufficient description in a search warrant has been stated as follows in Pitzer v. State, 69 Okla. Cr. 363, 103 P. 2d 109: 'The description of the house to be searched, the names of the occupants of the premises, together with the legal description set forth in the search warrant, should all be read together; and if the same are sufficient to enable the officer executing

the search warrant to locate the premises to be searched without the aid of any other information save that contained in the warrant, the same is sufficient.' "

In LeBlanc v. State, 95 Okla. Cr. 280, 245 P. 2d 134, 137, it was urged that the search and seizure was unlawful in that the description of the place to be searched as described in the search warrant was defective:

"The place described in the search warrant was as follows, towit, 'that certain quantities of intoxicating liquors belonging to Stella LeBlanc are now being kept in the white frame house used by her as a home and place of public resort located 1120 East Second St. in the city of Okmulgee, Okmulgee County, Oklahoma,'. Two officers testified they did not know what was the color of the defendant's house. The defendant testified her house was not white but buff and green and on cross examination she testified her house was located at 1120 East Second Street, Okmulgee, Oklahoma, as described in the search warrant. The record shows no other house was searched and it is not disputed that the place searched was 1120 East Second and that it was the defendant's house. It therefore makes no difference what color the house was if the description in the search warrant is sufficient to enable the officers executing the search warrant to locate the premises to be searched, without the aid of any other information save that contained in the search warrant. Hughes v. State, 83 Okla. Cr. 16, 172 P. 2d 435; Kutz v. State, 83 Okla. Cr. 324, 177 P. 2d 139. The color of the house therefore was immaterial since the number and street correctly described the place to be searched and the officer unfamiliar with the location of the defendant's place could have found it from the description contained in the search warrant without seeking aid from any other source than that set out in the warrant."

Such is the situation herein. The fact that the defendant's house was stucco and not plank boards was of no consequence in view of the fact that the description otherwise contained in the search warrant was entirely sufficient from which the officers could locate the premises and conduct the search without the aid of anything other than the description as contained in the search warrant. For all the above and foregoing reasons the judgment and sentence herein imposed is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.