## EIDSON v. STATE.
### No. A–11951.

Criminal Court of Appeals of Oklahoma.

May 20, 1954.

Rehearing Denied June 23, 1954.

"A part of the SW/4 of the SE/4 of Section 30, Twp. 7 South, Range 24 East, McCurtain County, Oklahoma, more particularly described as: Begin at the SW corner of the SW/4 of the SE/4 of Section 30, Twp. 7 South, Range 24 East, run thence North 660 feet, thence East 112.2 feet, thence South 660 feet, thence West 112.2 feet to the point of beginning."

The defendant testified on the motion to suppress, that at the time of the search he was in possession of 150 to 160 feet on the south end of the tract of land described as 112.2 feet wide and 660 feet long. He further testified that a Mr. Graves was in possession of the 300 feet adjoining defendant's land to the north. This land was fenced in on all four sides. No house or barn was on this property. To the east Mr. Graves was also in possession of another tract, with a barn on it, wherein feed was kept. The defendant further testified that 200 feet of this area as described in the search warrant was in the possession of Mr. G. O. Black. This tract was fenced in on all four sides, with a barn used for storing hay, and hen house on it. The record shows the officers searched the entire tract as described in the warrant, but found the liquor herein involved in the defendant's home. In support of his contention this was a blanket search warrant the defendant cites Linthicum v. State, 66 Okl.Cr. 327, 92 P.2d 381; Curlee v. State, Okl.Cr., 233 P.2d 312; Layman v. State, 90 Okl.Cr. 260, 213 P.2d 300. In all of these cases more than one family was actually residing on the land described in the search warrant. Hence the cases relied on by the defendant are not in point. These cases all in substance hold that, where two or more families reside on the land or place searched the warrant directing the indiscriminate search of such a place is a blanket warrant. It is the intent of the constitutional inhibition as applied to blanket warrants to prevent the unlawful search of the private place of abode of two or more families. Littke v. State, Okl.Cr., 267 P.2d 614; Williams v. State, Okl.Cr., 240 P.2d 1132, 31 A.L.R.2d 851; McMillin v. State, Okl.Cr., 234 P.2d 946. But such is not the situation

Ed Shipp, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Floy Eidson, defendant below, was charged by information in the county court of McCurtain county, Oklahoma, with having committed the offense of being in unlawful possession of intoxicating liquors, to wit, 5 pints of tax-paid whiskey, allegedly committed in the aforesaid county and state on or about January 24, 1953. The defendant was tried by a jury, convicted, and his punishment fixed at $100 fine, and 30 days in jail; judgment and sentence entered accordingly, from which this appeal has been perfected.

The sole question is, did the trial court err in refusing to sustain the defendant's motion to suppress the state's evidence. The defendant's contention is that the search warrant was a blanket warrant. He predicates this contention on the proposition that the warrant described land located in McCurtain county, Oklahoma, as follows, to wit:

in the case at bar. The defendant alone resided in the only house located on these premises. The defendant alone was named in the search warrant. The situation herein confronting us is then comparable to Kizer v. State, Okl.Cr., 262 P.2d 718, 720, wherein the warrant directed the search of a house located on Lots 3, 4 and 5, etc.:

"* * * house that was searched and which was occupied by the defendant was located on Lot 3 and there were 4 rooms therein and a part of a room that was unfinished. The evidence further disclosed that the owner of the said property Mr. Harry D. Barnes was engaged in the house moving business, and that he had moved on the unoccupied Lots 4 and 5 an old store building, one end of which was partially open and had never been finished, and that there was no one living in it on December 1, 1951 the date the search and seizure was executed in the 4-room house occupied by the defendant."

We held the search warrant in the Kizer case not to be a blanket warrant. In Staley v. State, 73 Okl.Cr. 355, 121 P.2d 324, 325, wherein it was held:

"A search warrant for Lots 12 to 19, Block A, etc., is not a 'blanket search warrant' as that term is used by this court merely because it includes Lot 12, a vacant lot not belonging to defendant, where it is undisputed that defendant's premises are the only buildings on the property described, and there can be no misunderstanding as to the property to be searched."

Under the foregoing facts and the law applicable thereto we are of the opinion, that even though the search covered all the area described in the warrant, that the warrant was not a blanket warrant, within the contemplation of the law. For that reason the judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur