## SIMMONS v. STATE.
### No. A–11964.

Criminal Court of Appeals of Oklahoma.
June 16, 1954.

Wise & Ivester, Sayre, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error V. A. Simmons, defendant below, was charged by information in the county court of Beckham county, Oklahoma, with the offense of unlawful possession of intoxicating liquors, Title 37 O.S.1951 § 31. A jury was waived, the case tried to the court, and the defendant found guilty and his punishment set at a fine of $100 and costs and 30 days in jail. Judgment and sentence was entered accordingly, from which this appeal was taken.

The principal contention advanced by the defendant is that the trial court erred in not sustaining his motion to suppress the evidence. He contends there was an inaccurate description of the house to be searched, that the number on the house was 210 West Noble, Sayre, Oklahoma. The sheriff testified that he drove past the Simmons home before he procured the search warrant to verify the number and the number on the house was definitely 211 West Noble at the time the search was made. There was some evidence to the effect that the naught on the house had been retouched with green paint to make it appear 210 West Noble. The property was further described as the residence of V. A. Simmons, a white frame house with an unattached double garage. No other house of such description was in the vicinity of the Simmons residence. We are of the opinion there was sufficient evidence to warrant the trial court in overruling the motion to suppress. In Peterson v. State, 76 Okl.Cr. 46, 133 P.2d 914, it was held:

"In hearing on motion to suppress evidence, court's finding on disputed question of fact as to whether search warrant sufficiently described defendant's premises will be sustained where there is competent evidence in record to support finding."

The defendant further contends that the search warrant was not served.

458

This question was not raised in the trial of the case. The return on the warrant introduced by counsel for the defendant recited that the warrant had been served. No evidence was offered to impeach the same. In this connection it has been held that the law presumes the legality and regularity of all proceedings and accused who is charged with a violation of the prohibitory laws and raises the question of the invalidity of the search and seizure of contraband must assume the burden to introduce evidence to show the invalidity of the search. Pierce v. State, Okl.Cr., 253 P.2d 194. The defendant herein offered no evidence to the effect that the warrant had not been served. For all the above and foregoing reasons the judgment and sentence herein are accordingly affirmed.

POWELL, P. J., and JONES, J., concur.