**Ralph PONDER, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–12095.**

Criminal Court of Appeals of Oklahoma.

Jan. 12, 1955.

BRETT, Judge.

Plaintiff in error Ralph Ponder, defendant below, was charged by information in the county court of Carter county, Oklahoma, with the unlawful possession of intoxicating liquor in that on April 24, 1951 he had in his possession tax paid intoxicating liquors as follows, to-wit, 31 ½ pints of whiskey, 12 pints of whiskey, 1 ⅘ quarts of gin, 2 pints of gin, 5 ⅘ quarts of whiskey, 1 ⅘ quarts of wine and 5 pints of wine. He was tried by a jury, convicted, his punishment fixed at a $500 fine and 30 days in jail; judgment and sentence was entered accordingly, from which this appeal has been perfected.

It appears from the petition in error that there are two grounds which might be of substantial merit alleged as grounds for reversal. First, he contends that the court erred in not sustaining his motion to suppress the evidence. This contention is based upon the proposition that the search warrant described a certain one-story white frame store building unpainted and one aluminum painted trailer house located on the north side of Highway 70 in the southeast quarter of the southwest quarter of section 20, township 4 south, range 2 east in Carter county, Oklahoma, and all outbuildings located on said premises. The defendant contends that there were other houses located on the premises. The record discloses that the officers had no difficulty whatsoever in locating the aluminum painted trailer house and the frame store building. He testified he located the houses from the description in the warrant; that he searched the aluminum painted trailer house and found therein the quantity of liquors as hereinbefore set forth, and made no search of any other premises. The search warrant named Ralph Ponder as the occupant of the premises searched. The evidence shows that he lived on the premises but at the time of the search was in the hospital.

This court has repeatedly held that a description of a house to be searched, which names the occupants, together with the legal description set forth in the search warrant should be read together, and if suffi-

Frank Thomas, Ardmore, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

·cient to enable the officer to locate the premises to be searched without the aid of any ·other information the warrant is sufficient. LeBlanc v. State, Okl.Cr., 245 P.2d 134. The record herein conclusively shows that the search warrant was sufficient.

 The evidence herein is entirely ·sufficient to sustain the allegation of the information. The information is sufficient, instructions are not prejudicial, the judgment is proper, and while some incompetent evidence was admitted in the record it is not of such character to deprive the defendant of any substantial right. For all the above and foregoing reasons the judgment and sentence herein is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.