Claude E. KIMMEL, Petitioner,

v.

W. R. WALLACE, Jr., Judge of the District Court of Oklahoma County, Respondent.

No. A–13198.

Court of Criminal Appeals of Oklahoma.

April 4, 1962.

Blumenthal & Gray, Oklahoma City, for petitioner.

James A. Harrod, County Atty., Oklahoma County, John Amick, Asst. County Atty., of Oklahoma County, for respondent.

BUSSEY, Judge.

Petitioner stood trial on the 12th day of February, 1962, in the District Court of Oklahoma County, Oklahoma, in case No. 27254. On the 14th day of February, 1962, the jury returned a verdict finding the petitioner guilty of the crime of murder, and leaving the punishment to the discretion of the trial judge, the Honorable W. R. Wallace, Jr.

Thereafter Petitioner filed in this Court a petition for writ of prohibition requesting that the Court of Criminal Appeals command the Honorable W. R. Wallace, Jr., to desist and refrain from further proceedings in said case, and in support of his application, the petitioner urges that the trial court is without jurisdiction to enter said judgment and sentence under the provisions of Title 21 Okl.St.Ann. § 707, which provides:

> "Every person convicted of murder shall suffer death, or imprisonment at hard labor in the State penitentiary for life, at the discretion of the jury. Upon trial of an indictment for murder, the jury, if they find the defendant guilty, must designate in their verdict whether he shall be punished by death or imprisonment for life at hard labor, and the judgment of the court shall be in accordance therewith."

While it is unquestionably true that under the provisions of the statute above set forth, the trial court should have directed that the jury return to the jury room and fix the punishment, it is likewise true that the petitioner may raise the question of the regularity of the verdict in a motion

for new trial and if the court erroneously rules on said motion, any error may be corrected by an appeal to the Court of Criminal Appeals under the provisions of Title 22 Okl.St.Ann. § 1051, which is as follows:

"An appeal to the Criminal Court of Appeals may be taken by the defendant, as a matter of right from any judgment against him; and upon the appeal, any decision of the court, or intermediate order made in the progress of the case may be reviewed."

Were we to grant the relief prayed for, the next proceeding instituted by the petitioner would undoubtedly be a proceeding in the nature of habeas corpus seeking his release from confinement on the grounds that to try him again on the same charge would be to place him twice in jeopardy for the same offense.

Such a result would, in the opinion of the writer, be ridiculous and would afford little protection for the citizens of our State.

■ It should be remembered that:

"The extraordinary writ of prohibition will not be awarded when the ordinary and usual remedies provided by law, such as appeal or other modes of review, [or injunction,] are available." Elliott v. Mills, Okl.Cr., 335 P.2d 1104.

■ The petitioner has a plain, clear and adequate remedy at law, by appeal to this court, and if on appeal it be made to appear that the petitioner was not tried in accordance with the well established principles of due process of law, then a new trial will be ordered.

The petitioner is entitled to be tried in accordance with the principles of due process of law and the safeguards for such trial exist under the Constitution and statutes of the State of Oklahoma.

■ The petitioner is not, however, entitled to exoneration from punishment merely because of a non-compliance with a technical provision of the statutes, but would be entitled to a new trial if timely objection is made and preserved in the record and properly presented to this court on appeal.

For the reasons above set forth the Writ is Denied.

NIX, P. J., and BRETT, J., concur.