Rodger WILLIS, Petitioner,

v.

The STATE of Oklahoma, Virgil Upchurch, County Attorney of Caddo County & Troy H. Massey, Justice of the Peace, Respondents.

Nos. A–13272, A–13273.

Court of Criminal Appeals of Oklahoma.

Oct. 24, 1962.

Jack P. Trezise, Midwest City, and Harry Brown, Oklahoma City, for petitioner.

Mac Q. Williamson, Atty. Gen., Virgil Upchurch, Caddo County Atty., for respondent.

NIX, Presiding Judge.

This is an original action in which the Petitioner, Rodger Willis, seeks a Writ of Prohibition and Writ of Mandamus directed to the Honorable Troy H. Massey, Justice of the Peace, and Virgil Upchurch, County Attorney of Caddo County, Oklahoma, asking the Court of Criminal Appeals to assume original jurisdiction in case #4246 pending before said Justice of the Peace.

The petition and memorandum brief alleges that said Troy Massey systematically, intentionally, and wilfully pre-eliminated fifty per cent (50%) of the possible qualified jurors to try said cause by not having any women on the jury list and therefore, the remaining jurors are and do not reflect a valid representation of the community.

A Writ of Prohibition was filed before District Court of Caddo County, Honorable L. A. Wood, Judge, presiding, wherein a hearing was held and the Alternative Writ vacated and dissolved and Troy Massey ordered to proceed with the trial of said cause, upon which matter was then brought to this court.

It was held in the case of State ex rel. Burford v. Sullivan, 86 Okl.Cr. 364, 193 P.2d 594:

"The remedy under a writ of 'prohibition' is limited to cases where act sought to be prohibited is of a judicial nature, in absence of constitutional or valid statutory provisions to the contrary, and is directed against the encroachment of jurisdiction by inferior courts, for the purpose of keeping such courts within the bounds prescribed for them by law."

The questions raised herein are not of this nature and no question of jurisdiction was even raised in the petition.

It was further held in a recent decision by this Court, Kimmel v. Wallace, Okl.Cr., 370 P.2d 844:

"The extraordinary writ of prohibition will not be awarded when the ordinary and usual remedies provided by law, such as appeal or other modes of review, [or injunction,] are available."

Since this case can be tried de novo in County Court, this Court declines to assume original jurisdiction, and the Application for Writ of Prohibition and Mandamus is hereby denied.

BUSSEY and BRETT, JJ., concur.