John Fletcher BOOTH, Jr., Petitioner,

v.

The STATE of Oklahoma, W. R. Wallace, Jr., Judge of the District Court of Oklahoma County and the Judges of the 7th Judicial District of Oklahoma, Respondents.

No. A–13365.

Court of Criminal Appeals of Oklahoma.

May 1, 1963.

Malcolm Baucum, Oklahoma City, Judd Black, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., D. C. Thomas, Asst. County Atty., Oklahoma County, for respondents.

BUSSEY, Presiding Judge.

The petitioner, John Fletcher Booth, Jr., is charged by information in the District Court of Oklahoma County, Case #27703, with the Offense of Receiving Stolen Property, said information reading in substance as follows:

"On the 23rd day of December A. D., 1961 in Oklahoma County, State

of Oklahoma, JOHN FLETCHER BOOTH, JR., * * * did then and there wilfully, unlawfully and feloniously commit the crime of RECEIVING STOLEN PROPERTY [by knowingly receiving] certain personal property, to-wit: One (1) gray cashmere man's overcoat with label Oxford Street London, preceded by initials "WI" from CHARLIE STANAFORD, said personal property having been stolen by CHARLIE STANAFORD from H. M. GOTHAM, the rightful owner thereof, said defendant knowing said personal property to have been stolen at the time he received same;"

This matter was set for trial on the 19th of March, 1963, and the petitioner instituted these proceedings, wherein he seeks an order of this Court prohibiting the Honorable W. R. Wallace, Jr., and the Judges of the 7th Judicial District from further proceedings in District Court Case #27703. The cause was set for Oral Argument on April 10, 1963 and was submitted on the record and briefs of the parties.

The County Attorney in his response to the Order to Show Cause filed a Motion to Dismiss these proceedings and in oral argument urged said dismissal under the authority of Kimmel v. Wallace, Okl.Cr., 370 P.2d 844.

We are of the opinion that the the County Attorney's Motion to Dismiss should be sustained, for a careful examination of the record before us discloses that the trial court has jurisdiction of the subject matter and of the person of petitioner, and has authority under law to entertain further proceedings. In Farmer v. Sanford, Okl.Cr., 353 P.2d 709, we said:

"Appellate courts should not interfere by writ of prohibition with the trial of a cause where the court has jurisdiction of the subject-matter and the person of defendant; but such trial court should be permitted to proceed to judgment, and irregularities should only be reviewed upon appeal."

And further in Kimmel v. Wallace, supra, this Court held:

"The extraordinary writ of prohibition will not be awarded when the ordinary and usual remedies provided by law, such as appeal, or other modes of review, [or injunction,] are available."

In oral argument before this Court, it was the petitioner's position that if the Motion to Dismiss be sustained, and the petitioner's Application for Prohibition be denied, this Court should, by judicial dictum, indicate to the trial courts the practice to be followed when the police have recovered stolen property and placed it in the hands of the thief for the purpose of entrapping a "fence".

We observe that the court in this jurisdiction has not passed on the question and that the authorities in other jurisdictions are divided. When the question is properly presented to this Court on appeal, we will pass upon it, but under the authorities above cited, the County Attorney's Motion to Dismiss is sustained and the Writ prayed for is accordingly, Denied.

Writ denied.

NIX, J., and JOHNSON, J., concur.