George Dick SPRAKER, Petitioner,

v.

The DISTRICT COURT OF OKLAHOMA COUNTY, Oklahoma, Respondent.

No. A–13929.

Court of Criminal Appeals of Oklahoma.

May 18, 1966.

Carroll Samara and Andrew Wilcoxen, Oklahoma City, for petitioner.

Charles Nesbitt, Atty. Gen., Jack A. Swidensky, Asst. Atty. Gen., for respondent.

BUSSEY, Presiding Judge.

George Dick Spraker stands charged in the District Court of Oklahoma County, under Indictment #31320, with the crime of Perjury allegedly committed before the Oklahoma County Grand Jury.

On the 23rd day of February, 1966, an application for this Court to assume original jurisdiction and issue a writ of prohibition against the District Court of the 7th Judicial District, prohibiting them from further proceeding under Indictment #31320, was filed with the Clerk of this Court. Thereafter, the State of Oklahoma, by and through its Attorney General, filed a Motion to Dismiss and oral argument was held on the State's Motion to Dismiss and Spraker's Application to Assume Original Jurisdiction.

We have carefully examined the authorities cited by the respective parties, pleadings and exhibits filed in the instant cause, and are of the opinion that the State's Motion to Dismiss should be sustained, for it affirmatively appears that the trial court has jurisdiction of the subject matter and the person of the defendant. We have repeatedly held that:

"Appellate courts should not interfere by writ of prohibition with the trial of a cause where the court has jurisdiction of the subject-matter and the person of defendant; but such trial court should be permitted to proceed to judgment, and irregularities should only be reviewed upon appeal."

See Farmer v. Sanford, Okl.Cr., 353 P.2d 709 and Booth v. State, Okl.Cr., 381 P.2d 899.

■ And further in Kimmel v. Wallace, Okl.Cr., 370 P.2d 844, this Court held:

"The extraordinary writ of prohibition will not be awarded when the ordinary and usual remedies provided by law, such as appeal, or other modes of review, (or injunction) are available."

We are of the opinion that the State's Motion to Dismiss should be, and the same is hereby, sustained, and the Application to Assume Original Jurisdiction is denied.

NIX and BRETT, JJ., concur.