**Maxwell Dale WALKER, Petitioner,**

v.

**Boston W. SMITH, Judge in and for the District Court of Oklahoma County, Oklahoma, and the State of Oklahoma, Respondents.**

**No. A–14172.**

Court of Criminal Appeals of Oklahoma.
April 12, 1967.

Donald E. Marrs, Oklahoma City, for petitioner.

Curtis P. Harris, Dist. Atty., Tom P. Harley and Granville Scanland, Asst. Dist. Attys., for respondents.

BUSSEY, Judge:

On the 3rd day of January, 1967, petitioner filed an application for a writ of prohibition prohibiting the Honorable Boston W. Smith from further proceeding in District Court Case No. 32133 wherein petitioner is charged by information with the robbery of Delbert Peelman. A Response was duly filed to said application on the 9th day of January, 1967, and this cause was submitted on the application, brief, and response.

From the pleadings of the respective parties, it appears that petitioner was charged by information in District Court Case No. 32134 with the robbery of Hazel Peelman, and by information in District Court Case No. 32133 with the robbery of Delbert Peelman. Petitioner was acquitted by a jury on the charge of robbery in Case No. 32134 and thereafter, on the 30th day of December, 1966, filed an instrument in writing designated as Motion to Quash and/or Demurrer, wherein he raises the question of former jeopardy. Before this Demurrer could be heard and Respondent could rule thereon, these proceedings were instituted.

We are of the opinion that the trial court has jurisdiction of the subject matter as shown by the Information, marked Exhibit "A" attached to the Response, and jurisdiction of the person, as shown by the Appearance Docket, marked Exhibit "B" and attached to the Response.

■ We are likewise of the opinion that this action was prematurely instituted before the trial court had an opportunity to rule on the issue there presented. We have repeatedly held that a Writ of Prohibition may not be used for the purpose of an appeal or proceeding in error so as to review the action of the lower court when such lower court has jurisdiction of the subject matter and of the parties, so as to correct an error of the lower court. State, ex rel. Attorney General, v. Huston, District Judge, 27 Okl. 606, 113 P. 190, 34 L.R.A.,N.S., 380.

■ We are likewise of the opinion that the trial court should be given an oppor-

tunity to rule on the matter there pending and that his ruling should be reviewed only on appeal.

We have repeatedly held that where the trial court had jurisdiction of the subject matter and the person of the defendant, the trial court should be permitted to proceed to judgment, and any irregularities should only be reviewed on appeal. Farmer v. Sanford, Okl.Cr., 353 P.2d 709. See also Harrah v. Oldfield, 68 Okl. 30, 171 P. 333; Taylor v. Freeman, 76 Okl. 211, 184 P. 761; Modisett v. Marmaduke, Okl. Cr., 394 P.2d 541; and Kimmel v. Wallace, Okl.Cr., 370 P.2d 844.

The writ prayed for is accordingly denied and the Order staying the proceedings in District Court Case No. 32133, is dissolved.

NIX, P. J., and BRETT, J., concur.