**Gerry GARDNER, Petitioner,**

v.

**Judge Phillip LAMBERT, Judge of the Municipal Court of Record of Oklahoma City, State of Oklahoma, Respondent.**

**No. A–14839.**

Court of Criminal Appeals of Oklahoma.

July 11, 1968.

Mac Oyler, Oklahoma City, for petitioner.

Roy H. Semtner, City Atty., Irving L. Faught, Asst. City Atty., for respondent.

MEMORANDUM OPINION

LERBLANCE, Referee:

The Petitioner, Gerry Gardner, seeks a Writ of Prohibition against Phillip Lambert, Judge of the Municipal Court of Record of the City of Oklahoma City, State of Oklahoma, preventing said court from proceeding to try Petitioner on a charge of lewdness violating Oklahoma City Ordinance No. 11436.

It is the contention of the Petitioner that Respondent Judge is without jurisdiction for the reason that the ordinance involved is invalid, in that it conflicts with state

**236**

statutes prohibiting lewdness, 21 O.S.1961, §§ 1029–1031. Petitioner urges that the city ordinance increases the punishment beyond that provided in the state statutes which amounts to a conflict rendering the ordinance void under the rule announced in Johnson v. City of Tulsa, 97 Okl.Cr. 85, 258 P.2d 695.

■ It is the position of this Court as stated in Burns v. District Court of Oklahoma County, Okl.Cr., 335 P.2d 923, 924, that:

"The prerogative writ of prohibition should be issued with forbearance and caution, and only in cases of necessity, and not in doubtful cases."

■ In the instant case the question raised herein has not been presented to the trial court and we cannot anticipate said court's action. If a conviction should result in the trial court Petitioner may make a timely appeal to this court. Appellate courts should not interfere by writ of prohibition where a trial court has apparent jurisdiction and the Petitioner has another remedy such as an appeal. Spraker v. District Court of Oklahoma County, Okl. Cr., 414 P.2d 565.

In Application of Heffner, 16 Okl.Cr. 691, 182 P. 88, this court denied the Petitioner's application for a writ of prohibition where it was urged that Petitioner was charged with violating an allegedly illegal ordinance. More recently this court held in Wimberly v. Imel, Okl.Cr., 358 P.2d 231:

"The Court of Criminal Appeals does not favor the testing of the constitutionality of a city ordinance by a writ of prohibition, but has the right to grant the writ and will do so where there is not an adequate remedy at law."

Petitioner has an adequate remedy at law by appeal and it does not appear that the public good demands the issuance of a writ at this time. The Writ of Prohibition is therefore

Denied.