Jesse JONES, Petitioner,

v.

The Honorable James DILLARD, District Judge, Respondent.

No. P–76–9.

Court of Criminal Appeals of Oklahoma.

Jan. 16, 1976.

---

**ORDER DECLINING TO ASSUME ORIGINAL JURISDICTION**

This is an original proceeding in which the petitioner asks this Court to assume original jurisdiction and to issue a writ of prohibition to the respondent, prohibiting him as District Judge of the District Court of Carter County, Oklahoma, from pro-

ceeding further in Case No. CRF–75–181, wherein the petitioner, as defendant, is charged by Information with the crime of Possession and Concealment of Stolen Property in violation of 21 O.S.1971, § 1713(1) and directing the dismissal of the Information. The petitioner appears before this Court by his attorney of record, Burke Mordy, Ardmore, and respondent appears by Ronald Worthen, Dist. Atty., in and for Carter County, and Bob McDonald, Asst. Atty. Gen., for the State of Oklahoma.

After hearing statements and arguments of respective counsel and a careful examination of the record before this Court, this Court finds:

The Information charging the defendant was filed September 22, 1975; preliminary hearing was held before the Honorable Thomas S. Walker, Special Judge of the District Court of said County, as an examining magistrate, on November 4, 1975, and the defendant was bound over for trial as charged in the Information.

The defendant filed an unverified motion to quash or set aside the Information asserting that the evidence at the preliminary did not show that the crime charged in the Information had been committed, or if committed, it did not show probable or sufficient cause to believe that the defendant committed the same. Respondent heard and overruled the said motion on December 11, 1975, and the trial of the defendant on said Information has been assigned for January 20, 1976, and petitioner, as the defendant, now seeks to prohibit said trial.

It is well recognized, nor is it contended otherwise, that under the laws of the State of Oklahoma, a defendant does not have the right of direct appeal from an adverse ruling on a motion to quash or set aside an Information. 22 O.S.1971, § 1051 provides in applicable part as follows:

"(a) An appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any *judgment*

against him, which shall be taken as herein provided; and, upon the appeal, any decision of the court or intermediate order made in the progress of the case may be reviewed; . . . " [Emphasis Added]

An adverse ruling to a defendant on a motion to quash or set aside an Information is not a final order or judgment but an intermediate order made in the progress of the case and cannot be appealed from except by review after pronouncement of judgment and sentence. See *Houser v. State,* 26 Okl.Cr. 265, 223 P. 40⁰ (1924); *Hughes v. State,* 83 Okl.Cr. 16, 172 P.2d 435 (1946) and *Hughes v. State,* 83 Okl.Cr. 23, 172 P.2d 439 (1946).

There being no right of appeal, should prohibition be used for such purposes? The Court's syllabus in *Walker v. Smith,* Okl.Cr., 426 P.2d 375 (1967) as follows:

"1. A Writ of Prohibition may not be used for the purpose of an appeal or proceeding in error so as to review the action of the lower court when such lower court has jurisdiction of the subject matter and of the parties, so as to correct an error of the lower court.

"2. Where the trial court has jurisdiction of the subject matter and the person of the defendant, the trial court should be permitted to proceed to judgment and any irregularities should only be reviewed on appeal."

See also *Farmer v. Sanford,* Okl.Cr., 353 P.2d 709, 712 (1960) which provides:

"Where the court has jurisdiction of the subject matter of the person of the defendant the writ of prohibition will not lie on account of any irregularities in the action of the trial courts in such instances, but the court should be permitted to proceed to judgment and the matters complained of should be reviewed only upon appeal, when the entire testimony or transcript of the record can be brought up for consideration. It would paralyze and defeat the enforcement of criminal law if writs of prohibition were issued to correct irregularities of erroneous application of the law where the court had jurisdiction of the subject matter and of the person of defendant, writs of prohibition should not be issued nor used for the purpose of appealing cases upon the installment plan."

The same reasoning and rule extend to writs of mandamus. *State ex rel. Fallis v. Caldwell,* Okl.Cr., 498 P.2d 426 (1972).

Accordingly, this Court declines to assume original jurisdiction herein.

It is so ordered.

TOM BRETT, P. J.
HEZ J. BUSSEY, J.
C. F. BLISS, Jr., J.