### TROUP SAXON v. STATE.

No. A-3653.    Opinion Filed May 21, 1921.

(198 Pac. 107.)

(Syllabus.)

1.    Indictment and Information—Amended Information—Verification. Where an information in a misdemeanor case is amended by interlineation before trial by leave of court in a formal manner

only, so that the amendment did not change the material allegations of the information to such an extent as to prejudice the substantial rights of defendant on the trial, the amended information need not be reverified and, where the original information was verified by the positive oath of complaining witness, it was not error for trial court to overrule a motion to quash the amended information based on the grounds of no sufficient verification.

2. **Trial—Election of Offenses—Discretion of Prosecuting Attorney.**
It is discretionary with the prosecuting attorney, either before instituting the prosecution or before trial, to elect for which offense he will prosecute the accused where the available evidence shows the commission by the same act or transaction of more than one offense.

Appeal from County Court, Nowata County; R. M. Godfrey, Judge.

Troup Saxon was convicted in the County Court of Nowata County of the offense of pointing a weapon at another, and appeals. Affirmed.

Bert Van Leuven, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall, Asst. Atty. Gen., for the State.

MATSON, J. This is an appeal from the county court of Nowata county, wherein the plaintiff in error, Troup Saxon, hereinafter referred to as defendant, was convicted of the offense of pointing a weapon at another, and sentenced to pay a fine of $250 and to be imprisoned in the county jail for a period of three months.

It is first contended that the trial court erred in permitting the county attorney to amend the information by interlineation, changing the word "revolver" to that of "gun" without requiring the information to be reverified. The original information charged defendant with having pointed a revolver at one Dawson, and the information as amended charged defendant with pointing a gun at Dawson.

The statute on which this prosecution is based reads as follows:

"It shall be unlawful for any person to point any pistol or any deadly weapon, whether loaded or not, at any other person or persons, either in anger or otherwise." Section 2553, Rev. Laws 1910.

Section 5695, Rev. Laws 1910, provides:

"An information may be amended in matters of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

The record discloses that the original information was filed on the 26th day of July, 1919; that it was verified by the positive oath of the complaining witness, E. W. Dawson. That on said date defendant appeared in person, was furnished a copy of the information, was arraigned and pleaded not guilty to the charge. That thereafter, defendant, on the 8th day of September, 1919, asked permission of the court to withdraw his plea of not guilty and file demurrer to the information and a motion to quash the same. Such permission was granted and the demurrer and motion to quash were each overruled; whereupon, on the same date, defendant waived arraignment and pleaded not guilty. Also, on said 8th day of September, 1919, the county attorney asked leave to amend the information by interlineation, by changing the word "revolver" to the word of "gun", which leave was granted over objection and exception of defendant, and defendant was then thereupon granted permission to refile his demurrer and motion to quash the information, which motion to quash was overruled.

Thereafter, on the 10th day of September, 1919, the cause was called for trial and defendant appeared in person and by

attorney, and both state and defendant announced ready for trial, and each side introduced its evidence and rested, and the cause was submitted to the jury, which returned a verdict of guilty, but failed to assess the punishment. Thereafter, on the 15th day of September, 1919, after having overruled defendant's motion for a new trial and motion in arrest of judgment, the trial court sentenced defendant to imprisonment in the county jail for a period of three months and to pay a fine of $250.

In the case of French et al. v. State, 17 Okla. Cr. 542, 190 Pac. 707, this court held:

"Where the amendment to the information is one of form only, not changing the nature of the charge to the material prejudice of defendant's rights, it may be made after plea entered or after the cause is called for trial or after the jury impaneled."

In the same case, it is also held:

"Where the amendment is one of substance, it is, however, necessary in a misdemeanor case that the information be re-verified."

It follows from the holding in the French case, supra, and from prior decisions of this court to like effect, that in a misdemeanor case if the information is amended in substance, it is necessary, where such defect is not waived, that the information be reverified.

The motion to quash specifically attacked the sufficiency of the verification of the amended information, and if the amendment made was one of substance, the trial court erred in overruling the motion to quash.

However, on the other hand, if the amendment was only formal, and did not change the material allegations of the information to such an extent as to prejudice the substantial

rights of defendant on the trial, there was no necessity of a reverification of the information, and the action of the trial court in overruling the motion to quash was not erroneous.

A consideration of the statute upon which this prosecution is based, together with the statute permitting amendments to informations, convinces us that the amendment made in the instant case was merely formal, and did not change the material allegations of the information, to the prejudice of the substantial rights of the accused. State v. Finn, 31 La. Ann. 408.

It is also contended that the trial court erred in refusing to give the following instructions:

"You are instructed that the words 'pointing a gun' as used in the statute mean and are synonymous with the words 'aiming a gun,' and the using of a gun with which to commit assault and battery upon or beat up another does not constitute an offense under this statute."

It is contended that there is no evidence to show that the gun was pointed as contemplated by the statute, but was used as a club or bludgeon with which to commit an assault and battery upon prosecuting witness.

With this contention we cannot agree. We think the evidence shows that the gun was both pointed at the prosecuting witness, and used also as a bludgeon. It was discretionary with the prosecuting attorney to elect before trial for which offense he would prosecute the accused where the evidence showed the commission, by the same act or transaction, of more than one offense. This principle is elementary. However, there could be no conviction of an offense other than that charged or a lower degree thereof or of an offense necessarily included therein, although the evidence may disclose the fact of defendant's guilt, by the same acts, of an offense not charged or included within the charge.

Judgment affirmed.

DOYLE, P. J., and BESSEY, J., concur.