## DOCK ECKHARDT v. STATE.

No. A-5725.    Opinion Filed Jan. 7, 1928.
(262 Pac. 708.)

Ralph Rawlings, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter

referred to as defendant, was by information filed in the county court of Murray county, Okla., charged with unlawful possession of intoxicating liquor with intent to sell the same. Defendant entered his plea of not guilty to the charge, a jury was impaneled, testimony taken, and the jury returned a verdict finding the defendant guilty as charged in the information, and fixing his punishment at 6 months in the county jail and a fine of $500 and cost. Motion for a new trial was filed and overruled and exceptions duly saved, and from the sentence and judgment the case is brought to this court for review.

The defendant filed seven assignments of error alleged to have been committed by the trial court in the trial of his case. We have carefully examined the record. The testimony on behalf of the state tends to show that defendant was handling whisky, the witness for the state testifying that within about one-fourth mile of the defendant's house they found several jars of whisky and a place where a still seems to have been operated; that when the officers came to the defendant's home, or a short distance from the home, he and two other parties were at a car, and in the car was a half-gallon jar of whisky. When questioned as to whose whisky it was, defendant admitted that it was his whisky, this being the only whisky found in possession of the defendant.

The defendant in his own behalf testified and admitted the half gallon of whisky found by the officer in his possession was his and claimed that a negro man had advised him the day previous that at a certain place he would leave him the half gallon of whisky; that the parties that were at his home when the officers came to his house asked about a drink, and he told them what the negro had said, and they went out to the place where the negro said he would leave it, and they found the whisky there. The defendant denied any connection with the whisky or the still found in the canyon about

one-fourth mile from his house and denied any connection whatever, or any ownership or knowledge that it was where the officers claim to have found it.

The record in this case is voluminous, but upon careful examination of the record we find that the evidence of the state witnesses is sufficient to sustain the verdict of the jury; while there is conflict in the evidence, this court will not set aside a verdict of guilty or judgment where there is credible evidence, which, if believed by the jury, is sufficient to uphold the verdict, and the testimony of the defendant alone under the laws of this state is sufficient to sustain the verdict of the jury.

An effort was made on behalf of the state to show that the defendant had been engaged in handling whisky previous to this time, but the effort was a failure, there being no competent testimony to show that the defendant had ever had anything to do with the making or sale of whisky previous to this arrest, and there is no competent testimony in the record to show the defendant to have ever been engaged in either making or the sale of whisky. The quantity he had in his possession was small.

Complaint is made in the record that the court erred in permitting the jury to separate previous to the final submission of the case to the jury, but there is no showing that any of the jurors were influenced or that they violated their oath and instructions of the court while they were separated, and the record fails to disclose that the defendant requested that they be kept together. Under the circumstances in this case, it is the opinion of the court that the ends of justice would be best subserved by modifying the judgment from 6 months in jail and $500 fine to imprisonment in the county jail for 30 days and a fine of $50.

For the reasons stated, the judgment is so modified and, as modified, is affirmed.

DOYLE, P. J., and EDWARDS, J., concur.