## CHARLES PASS v. STATE.

No. A-8199.   Oct. 24, 1931.
(4 Pac. [2d] 124.)

John T. Levergood, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Pottawatomie county of the crime of unlawful possession of intoxicating liquor, and his punishment fixed by the jury at a fine of $100 and imprisonment in the county jail for a period of four months.

The evidence of the state was that the officers had a search warrant and on searching the premises of defendant found a half gallon of whisky in a room on the first floor;

that defendant's stepdaughter fled up stairs on the approach of the officers and they caught her pouring whisky out of a half-gallon jar into the sink; that at the time she began to pour it out the jar was full, but that only a small amount was left when the officers succeeded in taking the whisky container away from her.

Defendant, testifying for himself, admitted that he had something like a quart of whisky, but claimed he had it for his own personal use. He called friends and neighbors who testified that they had never known him to sell whisky, and had never known people to congregate at his place for the purpose of drinking.

In rebuttal, the state called witnesses who testified that they had watched defendant's place; that crowds did congregate there; that it was a place of public resort; and that its reputation as being a place where intoxicating liquors were kept and sold was bad.

Defendant urges, first, that the trial court erred in permitting the state to prove the reputation of a private residence.

Defendant having first introduced evidence of the reputation and good character of his home, it was competent for the state in rebuttal to prove that defendant's residence was a place of public resort and that its reputation as being a place where intoxicating liquors were kept and sold was bad.

Defendant urges but one other question: That the judgment and sentence is contrary to law and excessive.

The evidence supports the verdict of the jury, and we cannot say under the facts and circumstances as shown by the record that the punishment is excessive.

248

For the reasons stated, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.