## IKE MURROW v. STATE.

No. A-9102.    Jan. 9, 1937.
(64 Pac. [2d] 343.)

E. W. Snoddy and H. C. Crandall, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DAVENPORT, J.    The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted of transporting intoxicating liquor from one place in the state to another.

The testimony in substance is very brief.    The officers testifying they were out on Choctaw street, in the city of Alva, with a search warrant to search the defendant's car.    When the defendant drove down the street

toward the officers, one of them called to the defendant and told him they had a search warrant to search his car. The defendant was driving very slow, and one of the officers stepped on the running board of the defendant's car. The officer testified he saw a half-gallon jar in the defendant's car between his legs, and when he told the defendant he had a search warrant to search his car, and handed him a copy, the defendant picked up a hammer and broke the jar; that he afterwards got a little bit of the whisky that was in a piece of the broken jar. The other officer testified he identified the contents of the jar being whisky by its smell.

The defendant offered no testimony.

The facts in this case conclusively show that the defendant had a quantity of whisky in a fruit jar and was transporting it from one place to another in the city of Alva; that the officers had a search warrant to search the defendant's car, and were justified in stopping the defendant for that purpose, and that the defendant broke the fruit jar, which the proof shows contained whisky. The quantity of whisky was very small, and there is no evidence of the defendant being a violator of the prohibitory liquor laws. The verdict of the jury fixed the punishment of the defendant at a fine of $150 and 30 days in jail. Under the facts in the record, this punishment is excessive, and should be modified. The punishment is therefore modified to a fine of $50 and 30 days in jail, and, as modified, the judgment of the trial court is affirmed.

EDWARDS, P. J., and DOYLE, J., concur.