**BUTLER v. STATE.**

No. A-11948.

Criminal Court of Appeals of Oklahoma.

April 14, 1954.

372

Ed Shipp, Idabel, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

This is an appeal from a conviction in the county court of McCurtain county, where Marion Butler was charged with unlawful possession of intoxicating liquor.

The uncontradicted evidence developed that two officers searched defendant's home under authority of a search warrant and found three pints of green label, tax-paid whiskey. The jury assessed punishment at a fine of $250, and ninety days in the county jail.

The record reflects that after the defendant had entered a plea of "not guilty" to the information, and at trial had announced ready, the court permitted him to withdraw his plea of not guilty for the purpose of interposing a demurrer. The demurrer was sustained but the court as part of the order ruled that the county attorney be permitted to amend the information instanter, which was done. No further demurrer was interposed, but thereupon counsel requested twenty-four hours in which to plead, though no showing by affidavit for postponement was made. On refusal by the court to grant such time, counsel refused to plead to the information as amended, so that the court caused to be entered for the defendant a plea of not guilty.

Thereupon counsel interposed a motion to suppress, which, after stipulation as to facts, was overruled. Thereafter a jury was empanelled and the trial proceeded. Two officers testified to searching defendant's home and finding the liquor heretofore mentioned, in a secret shelf in the bath room and back of light fixtures. No other

portion of the premises appears to have been searched.

The defendant did not testify, and offered no evidence.

For reversal four propositions, or specifications of error are presented.

It is asserted:

"3. That the court erred in not allowing the defendant twenty-four (24) hours in which to plead to the amended information, that the court erred in proceeding to trial without the defendant having been arraigned; that the court erred in allowing the State to proceed with the introduction of its evidence without the defendant having been arraigned and not having given the defendant the statutory time in which to enter a plea."

The gist of the demurrer was to the effect that it was not alleged in the information that the defendant had in his possession any whiskey with the unlawful intention upon his part to sell, give away or otherwise furnish liquor in violation of the prohibitory liquor laws of the State of Oklahoma.

The charging part of the information originally alleged:

"That is to say that the said Marion Butler in the county and state aforesaid, and on or about the 14th day of March, 1953, then and there being, did then and there unlawfully, wilfully and maliciously have in his possession 3 pints of Green Labeled Tax-paid whiskey, in violation of the prohibition laws of the State of Oklahoma."

The court permitted the above quoted portion of the information to be amended in the following manner: after the words "3 pints of green labeled tax-paid whiskey" the words "in violation of" were stricken out, and the following words were added: "with the unlawful and wilful intent upon the part of Marion Butler to violate", following which were the words: "the prohibition laws of the State of Oklahoma."

Tit. 22 O.S.1951 § 304 reads:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

Here the defendant did not file an affidavit showing good cause for continuance as required by the above statute. Counsel failed to dictate into the record or state to the court any basis for his request for twenty-four hours in which to plead to the information as amended. This court has held that unless such affidavit is filed it is not error for the court to require the trial to proceed. McCord v. State, 2 Okl.Cr. 209, 101 P. 135. But even if facts are alleged as basis for further time in which to plead, this court has said that it is not error to permit the county attorney to amend the information in matter of form or substance where the same can be done without material injury to the defendant, even though the trial may have begun. Thompson v. State, 52 Okl.Cr. 139, 3 P.2d 251; Herren v. State, 72 Okl.Cr. 254, 115 P.2d 258.

But defendant contends that the case of Hazelton v. State, 8 Okl.Cr. 184, 126 P. 703 supports his position. In that case after both sides had announced ready for trial and the jury was in the box the court permitted the original information to be amended by interlineation without reverification. This court through Furman, P. J., in the body of the opinion said:

"If the amendment changed the substance of the information, and thereby placed the appellant at a disadvantage, upon every principle of reason and justice, he had a right to have time to meet the additional charge contained in the amended information."

And in that case the court held that the information had been amended so as to contain new and material allegations and should have been reverified and that the accused should have been given further time in which to plead to the amended information.

In support of the conclusion reached, this court in the Hazelton case cited Smith

v. State, 4 Okl.Cr. 328, 111 P. 960, 140 Am. St.Rep. 688, where in the first paragraph of the syllabus it was said:

"When an information is amended upon the eve of trial and the defendant files a motion for a postponement supported by affidavit showing surprise, and that the amendment to the information requires additional preparation upon the part of the defendant before he could be ready for trial, reasonable time should be allowed the defendant, by the court, within which to make such preparation."

The material question presented, then, is whether or not the amending of the information in the respect heretofore recited, amounted to an amendment in substance or to an amendment in matter of form.

In the early case of Flowers v. State, 8 Okl.Cr. 503, 129 P. 81, this court held:

"When a person is to be prosecuted on a charge of having unlawful possession of intoxicating liquor with intent to sell the same, the information should specifically so charge; but this court has held that an information which charges an intent to violate the prohibitory law is sufficient. However, because such informations have been sustained, it does not mean that they are approved by this court as models."

The trial court in the within case was apparently of the opinion that the addition of the allegations as to intent did not require any additional or different proof on the part of the accused in meeting the issue, and in view of the fact that no circumstance was pointed out or urged that would support the proposition that the order of the court tended to in any manner prejudice the rights of the defendant, the ruling in question was made. And it being apparent to this court that the amendment was as to form, rather than substance, it is determined that the action of the trial court was correct. Saxon v. State, 19 Okl.Cr. 58, 198 P. 107; Herren v. State, supra.

Defendant urges that the verdict is contrary to the evidence.

The proof of the possession by the defendant of more than one quart of liquor presented the question of whether he possessed the same with the intent to violate the liquor laws. And while the court did not advise the jury that the possession of more than one quart of liquor constituted prima facie evidence of intent to sell, the omission to do so was favorable to the defendant. The court correctly advised the jury that it was their duty to acquit the defendant unless they found beyond a reasonable doubt that his possession of the intoxicating liquor was with the unlawful intent to violate the prohibitory liquor laws of the State of Oklahoma. This instruction read in connection with the other instructions given was sufficient, and the jury by the verdict determined the issue raised adversely to the defendant.

In his motion to suppress counsel for the defendant urged that the search warrant was void, based on the stipulation that the search warrant was for the search of the defendant's home and described the premises to be searched as lots 5, 6, 7, 8 and 9, block 15, Lone Pine Addition to the city of Idabel. It was further stipulated that Marion Butler did not own and was not in possession of lots 5 and 6, of block 15, and being vacant lots under the control and possession of some other persons; that there were no improvements whatsoever on said lots.

It is urged by counsel that under the holding of this court in Layman v. State, 90 Okl.Cr. 260, 213 P.2d 300, the search warrant was a blanket warrant. The Layman case is inapplicable here because in that case the warrant described 360 acres of farm land, divided up into four separate sets of improvements, each occupied by a different family, and although all was owned by the defendant: and while he occupied one 40-acre tract, the particular 40 acres occupied by him was not so described as to enable the officers from their search warrant to locate it and they were not limited in their search. Here there was but one set of improvements involved.

The question presented has been treated in the case of Staley v. State, 73 Okl.Cr. 355, 121 P.2d 324, 325, and that case may be referred to for detailed treatment. The first paragraph of the syllabus reads:

"A search warrant for Lots 12 to 19, Block A., etc., is not a 'blanket search warrant' as that term is used by this court merely because it includes Lot 12, a vacant lot not belonging to defendant, where it is undisputed that defendant's premises are the only buildings on the property described, and there can be no misunderstanding as to the property to be searched."

Finally defendant urges that the punishment assessed is excessive in view of the evidence. A long line of cases from this court is cited, among such being Pass v. State, 52 Okl.Cr. 246, 4 P.2d 124; Murrow v. State, 60 Okl.Cr. 288, 64 P.2d 343; Eckhardt v. State, 38 Okl.Cr. 404, 262 P. 708; Bishop v. State, 90 Okl.Cr. 410, 214 P.2d 971; and Story v. State, 92 Okl.Cr. 131, 221 P.2d 682.

There was no proof of intent to sell, or to violate the prohibitory law other than the amount of liquor found, which was barely above the amount required to constitute prima facie evidence of intent to sell (being in excess of one quart) so that the punishment assessed must have been based on impressions not justified by the evidence.

On the other hand, the defendant had opportunity if he actually possessed the liquor for his own personal use to have testified and so stated. This would have required greater proof from the State than under the circumstances was presented. But in view of the record and in the interest of justice based solely on such record, we feel impelled and do modify the sentence and judgment by a reduction of the penalty to a fine of $150 and 60 days imprisonment in the county jail of McCurtain County, and as so modified, the judgment is affirmed.

JONES and BRETT, JJ., concur.