Stephen Kennard TROTTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F-77-455.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1978.

Jon B. Wallis, Larry L. Oliver, Tulsa County, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

CORNISH, Judge:

This is an appeal from the District Court, Tulsa County, where appellant, Stephen Kennard Trotter, hereinafter referred to as defendant, was convicted at a non-jury trial on November 10, 1976, for the crime of Unlawful Possession of Marijuana With Intent to Distribute. Sentence was set at eight (8) years in the custody of the State Department of Corrections and a fine of One-Thousand Dollars ($1,000.00) was imposed. From said judgment and sentence, appellant seeks relief from this Court.

The evidence presented by the State consisted of the testimony of Barry Jenkins as given at the preliminary hearing and of stipulations that the substance seized in the case was marijuana; that the chain of custody of the marijuana was properly maintained; that venue was proper, and that, if called to testify, investigator Jim Sherl, a Narcotics Officer for the Tulsa Police Department, would testify that:

"... [H]e would testify he was a Narcotics Police Officer on duty and observed Mr. Jenkins drive to the location that Mr. Trotter was met at. That Mr.

Trotter got into the car with him and that they were placed under arrest by Tulsa Police Officers." (PH. 54)

The testimony of Jenkins, a co-conspirator, was that he had been given a 1976 Monte Carlo by the defendant in Albuquerque, New Mexico, which he and the defendant loaded with marijuana, and that he was to drive the car to Tulsa for the defendant, as he had on prior occasions. The witness stated that the defendant possessed two cars, one a 1973 Chevrolet Monte Carlo and the other, a 1976 Chevrolet Monte Carlo driven on this occasion. Jenkins testified that he was arrested for speeding near Tucumcari, New Mexico, and subsequently, marijuana was found in the trunk of the car. An arrangement was consummated whereby the witness agreed to proceed with the delivery to Tulsa after arrangements were made for listening devices to be secreted on his person and for surveillance by the New Mexico Officials and the Tulsa Police Department. Jenkins testified that on arriving in Tulsa, in the early morning hours of July 13, 1976, he made a telephone call to the defendant and drove to the defendant's house. The police then affected an arrest of the defendant when the defendant left his house and entered the passenger side of the vehicle Jenkins was driving.

The main thrust of the appellant's argument is that the conviction rests solely on the testimony of Barry Jenkins. Jenkins appeared as a witness for the State at the preliminary hearing and was a confessed accomplice to the crime involved. No other evidence was adduced at the preliminary hearing. A non-jury trial was held on the evidence transcribed at the preliminary hearing in addition to the stipulation recited above.

We must find as a matter of law that the evidence adduced by the State failed to corroborate the testimony of the accomplice, Barry Jenkins, as required by 22 O.S.1971, § 742. See also: *Howard v. State,* Okl.Cr., 561 P.2d 125 (1977) and *Sperry v. State,* Okl.Cr., 543 P.2d 582 (1975). The stipulation of investigator Sherl's testimony does not tend to connect the appellant to the crime of Possession With Intent to Distribute. The stipulation also fails to connect the appellant with the act of possession of the substance and no additional independent factors showing the defendant's knowledge and control of the substance were introduced. See: *Brown v. State,* Okl.Cr., 481 P.2d 475 (1971) and *Riggs v. State,* Okl.Cr., 486 P.2d 643 (1971). The stipulation is corroborative to the extent that the appellant got into the car; that he was immediately arrested, and that the marijuana was in the trunk. Independent corroboration of an accomplice's testimony is needed before conviction can stand. See: *Howard v. State,* supra, and cases cited therein.

The record before this Court *suggests* that the State had available other inculpatory evidence and witnesses, but they were not stipulated to, nor introduced in the case in chief. This Court can not surmise or speculate as to what other evidence the State might have introduced when such is not before this Court. To do so, would only amount to conjecture, and in many instances, might lead to a miscarriage of justice.

For the above and foregoing reasons and in accordance with our holding in *Johnson v. State,* Okl.Cr., 564 P.2d 664 (1977), we are of the opinion that this case should be, and is hereby, REVERSED and REMANDED with Instructions to Dismiss the charge against the defendant.

BUSSEY, P. J., and BRETT, J., concur.