Mickey Allen OWENS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–78–139.

Court of Criminal Appeals of Oklahoma.

Dec. 21, 1978.

Sam F. Stowers, McAlester, for appellant.

Larry Derryberry, Atty. Gen., Ross N. Lillard, III, Asst. Atty. Gen., for appellee.

OPINION

BRETT, Judge:

Mickey Allen Owens, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pittsburg County, Case No. F–77–18, of the offense of Murder in the Second Degree. He was given an indeterminate sentence of ten (10) years to life imprisonment, and from that judgment and sentence an appeal has been perfected to this Court.

On March 5, 1976, Sammy Yackeyonny was found dead in his cell at the Oklahoma State penitentiary. An autopsy performed that day revealed the cause of death to be multiple stab wounds. Frank Bourland, an agent of the Oklahoma State Bureau of Investigation, investigated the incident and interviewed the defendant. After that interview, the defendant was removed from the general inmate population and placed in administrative segregation. A criminal information was filed against defendant on January 18, 1977, and trial was begun on September 19, 1977. Bourland testified that the defendant, after being read the *Miranda* warnings, claimed the stabbing was in self-defense.

Defendant testified that the victim pulled a knife on him and after a struggle he took it from Yackeyonny and then stabbed him numerous times in self-defense. David Green, an inmate at the penitentiary, testified on behalf of the defendant to the effect that he counseled defendant to go to the victim's cell to straighten out a dispute concerning cigarettes stolen from the victim. Green further testified he observed the defendant enter the cell and shortly thereafter saw the defendant and Yackeyonny struggling over the knife. The defendant eventually gained control of the knife and stabbed the victim. After the defendant returned to his cell, he told Green that Yackeyonny had tried to kill him.

■ The defendant's first assignment of error is that the trial court erred in refusing to sustain his motion to dismiss the charge by reason of a denial of his right to a speedy trial as guaranteed by the Sixth Amendment, and his right to due process of law as guaranteed by the Fifth Amendment.

First for consideration is defendant's Sixth Amendment claim. Initially, we note that the defendant is complaining of the ten month period between the commission of the crime and the filing of the information. In *Miller v. State*, Okl.Cr., 522 P.2d 642 (1974), this Court in ruling on a similar claim took note of *United States v. Marion*,

404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). In *Marion*, the United States Supreme Court held that the Sixth Amendment right to a speedy trial applies to an accused and that one is not an accused until an information or indictment is filed or the person is in actual custody or has been arrested. It is defendant's argument that his interrogation by the OSBI and subsequent transfer to administrative lockup was enough to place him in an accused's status, and this triggered the protection of the Sixth Amendment. The Fifth Circuit Court of Appeals in *United States v. Duke*, 527 F.2d 386 (1976), was faced with a similar argument. The Court there held that administrative segregation of an inmate by prison officials following an alleged criminal offense did not render him an accused for purposes of determining whether he was denied a speedy trial by the prosecution's alleged delay in indicting him. It is the view of this Court that the administrative lockup of an inmate after the alleged commission of a crime cannot be equated with the arrest of a person previously at liberty so as to place the inmate in an accused's status. The defendant, not being an accused, was not entitled to the protections of the speedy trial provision of the Sixth Amendment.

 Next for consideration is the defendant's Fifth Amendment due process claim. It was held in *Rutledge v. State*, Okl.Cr., 527 P.2d 1373, 1375 (1974), that if an information is filed well within the statute of limitations then a delay between the date of the commission of the alleged crime and the filing of the information would not constitute a violation of the principles of due process, unless it was shown that the delay caused substantial prejudice to the defendant's right to a fair trial. In *State v. Duke*, Okl.Cr., 561 P.2d 582, 584 (1977), this Court after ruling that Sixth Amendment protections were inapplicable to the preaccusation delay involved, applied the balancing test suggested in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), to measure possible prejudice resulting from preaccusation delay. Although this test was laid down by the United States Supreme Court for Sixth Amendment speedy trial questions, the State concedes and it is the view of this Court that the test is applicable to alleged due process violations based on preaccusation delay. See *State v. Duke*, supra; *Anderson v. State*, Okl.Cr., 556 P.2d 1006 (1977).

The length of delay in the present case was approximately ten and one-half months. In *Barker v. Wingo*, supra, the United States Supreme Court held that the defendant was not deprived of his right to a speedy trial, even though the defendant was not brought to trial more than five years after he had been arrested. In *Rutledge v. State*, supra, this Court ruled that a preaccusation delay of eight and a half months did not violate the defendant's right to a speedy trial. Standing alone, the delay in the instant case cannot be considered prejudicial or unreasonable.

The reason for the delay does not appear in the record, but the State suggests as a reason the defendant's continued incarceration. This fact alone would not justify the delay; however, as noted in *State v. Duke*, supra, the defendant has not shown that there was a deliberate attempt to delay the trial and, therefore, the reason for the delay is not as important a factor in this case. Likewise, the defendant's assertion—or lack thereof—of his right to a speedy trial is not a significant factor in this case of preaccusation delay.

The last and most significant factor is prejudice to the defendant. The United States Supreme Court in *Barker v. Wingo*, supra, at 407 U.S. 532, 92 S.Ct. 2182, noted that prejudice should be assessed in light of the interests of the defendant which the speedy trial right was designed to protect. These interests are (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and, (3) to limit the possibility that the defense will be impaired.

In regard to the first factor, the defendant argues that his administrative lockup denied him privileges which an inmate in the general population enjoys and also pre-

vented him from securing possible witnesses to testify in his behalf. While an inmate defendant does suffer a detriment by being removed from the general inmate population and placed in administrative lockup, it cannot be equated with the prejudice which a person previously at liberty would suffer by incarceration. As to the administrative lockup preventing defendant from securing witnesses, the Court notes that the defendant did in fact obtain a witness in his behalf who observed the attack, and the defendant offers no proof that other witnesses would have been obtained but for the administrative lockup.

As to the anxiety and concern factor, considering the length of delay between the alleged crime and the filing of charges and the fact that once filed the case was quickly disposed of, this factor is not significant.

The United States Supreme Court in *Barker* stated in regard to impairment of the defense:

> "[T]he inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown."

The defendant makes no showing that a specific witness could not be interviewed or testify at trial due to the delay complained of. Because of the length of delay—and in view of the positiveness of the witnesses' testimony—it cannot be reasonably asserted that the delay unduly clouded the memories of the witnesses. Weighing the factors of the *Barker* test, it is the view of this Court that the defendant's due process claim is without merit.

The defendant asserts two other assignments of error, but neither argument is supported by any authorities. For that reason they will not be considered. We have examined the record and find no deprivation of any fundamental right.

The judgment and sentence is *AFFIRMED*.

BUSSEY, P. J., concurs in results.

CORNISH, J., concurs.