**Clifford Ray BLOXHAM, James A. Bloxham, and Calvin Dale Bloxham, Appellants,**

v.

**The STATE of Oklahoma, Appellee.**

**Nos. F–77–482, F–77–483 and F–77–484.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 1979.

Gene Stipe and James D. Wadley, Stipe, Gossett, Stipe & Harper, Oklahoma City, for appellants.

Larry Derryberry, Atty. Gen., Joe H. Enos, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Judge:

Appellants Clifford Ray Bloxham, James A. Bloxham and Calvin Dale Bloxham, hereinafter referred to as defendants, were charged with Murder in the First Degree in the District Court, LeFlore County, Case No. CRF–76–176. Defendant Clifford Ray Bloxham, a minor, was certified following the statutory procedure to be tried for this charge as an adult. The jury found defendants Clifford Ray Bloxham and Calvin Dale Bloxham guilty of Manslaughter in the First Degree and set their punishment at twenty (20) years' imprisonment each. James A. Bloxham was convicted of Manslaughter in the Second Degree and sentenced to four (4) years' imprisonment. The defendants' separate appeals from these convictions have been consolidated.

The incident out of which the charges arose occurred on September 17, 1976. The three defendants, along with Kenneth Brown and Mike Ross, were parked on the side of the highway, talking, at about 10:00 p. m. Ronnie Maupin and Don Yandell passed by them in Maupin's car, then stopped and backed towards them. Calvin Bloxham said he had earlier been threatened with a shotgun by the people in the car, and the three Bloxham brothers ran to Maupin's car. Ronnie Maupin was pulled from the car and beaten, and he subsequently died.

From the testimony of the witnesses, the participation of the three brothers was as follows: Clifford Bloxham, who had a tire iron, smashed the window of the driver's door and then walked around the car breaking the lights. Calvin Bloxham pulled Maupin's head through the broken window and struck him several times with his fists. When Clifford finished breaking the lights he opened the car door. Maupin was pulled out of the car on to the ground and was kicked and beaten. Some witnesses said that Clifford struck Maupin several times with the tire tool, but others denied that he did.

James Bloxham at no time struck Maupin, but throughout the incident stood by the passenger door of Maupin's car. Yandell testified that James told him not to get involved in the fight and kept his hand at his side, giving Yandell the impression that

James had a weapon of some sort. In addition, Kenneth Brown testified, "they said they beat up some old boy that they didn't know." On further questioning, he attributed the statement to James Bloxham.

The defendants first assign as error that the calling of the jury panel was not in substantial compliance with 38 O.S.1971, § 21. The defendants did not move to quash the jury until three days into the trial, one and a half days after the jury was impanelled and the hearing of testimony was commenced. But 38 O.S.1971, § 29, provides that where the drawing, summoning or impanelling of a jury is not in substantial compliance with the statutes or deprives a party of some substantial right, "such irregularity must be specifically presented to the court on or before the cause is first set for trial," in order to properly preserve the alleged errors for appeal. Therefore, we find this assignment of error to be without merit. The failure of the defendant to comply with the above provisions of 38 O.S.1971, waived any error and preserved nothing for review on appeal.

In their second assignment of error, the defendants contend that their convictions should be reversed since 11 jurors were excused for cause due to their negative feelings regarding the death penalty. In *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968), the United States Supreme Court held that excusing for cause jurors who were opposed to capital punishment did not warrant reversal where the jury recommended some lesser degree of punishment, unless it was otherwise proved that the jury was "prosecution-prone."

Insofar as the jury here found the defendants guilty of lesser offenses than murder and since the jury was not otherwise shown to be biased in favor of conviction, excluding these jurors for cause, if error, was not prejudicial to the defendants and does not merit reversal. *Bumper v. North Carolina*, supra; also, *Sanders v. State*, Okl. Cr., 556 P.2d 611 (1976).

The defendants' third assignment of error is that the trial court erred in not granting a mistrial after the District Attorney called the defendants' attorney unethical. The incident occurred when, while defense counsel was cross-examining a State's witness, the District Attorney objected to the line of questioning, stating that the defense counsel, "knows it's very unethical to just bring in names out of a clear blue sky and ask unless he intends to put this evidence on."

The defendants did not immediately object to the prosecutor's statement, but rather waited until after the jury was recessed. Upon reconvening, the trial court immediately instructed the jury "to disregard words spoken by attorneys in the heat of trial, you are not to consider the words unethical or any reference thereto by the attorneys." We do not condone remarks casting reflections upon opposing counsel, but the trial court's admonition was sufficient to cure the error. *Kitchens v. State*, Okl.Cr., 513 P.2d 1300 (1973); *Goodwin v. State*, Okl.Cr., 506 P.2d 571 (1973).

In their fourth assignment of error, defendants submit that the trial court committed error in permitting the State to put on two witnesses, law enforcement officers, who testified that the State's own witness, Mike Ross, had made an extrajudicial statement inconsistent with his testimony at trial. The defendants are correct. However, insofar as neither the statement nor its contents was introduced into evidence and in light of the overwhelming evidence that the defendants committed the acts of which they were accused, such improper impeachment was not so prejudicial as to deny the defendants a fair trial or to sway the verdicts of the jury, and therefore was harmless error. Title 20 O.S.1971, § 3001.

The defendant Clifford Bloxham asserts that the trial court erred in overruling the motion to quash, for improper service of summons, the petition filed against him at his certification hearing. The statute in force at the time—10 O.S.1971, § 1105—required only that "Service of summons . . . be made personally by the delivery of a

copy thereof to the person summoned." Since the defendants' mother, Mrs. Vergie Bloxham, was personally served in open court by Judge Harrell F. Followell, the requirements of the statute were satisfied and there was no error.

Clifford Bloxham further asserts that the statutes required that notice be given to the parents of the minor child, whereas in his certification proceeding only the mother was served. Title 10 O.S.1971, § 1104, required service of summons on both parents only when the minor was in the custody or control of someone other than a parent or guardian and the parents were not living together. There is no indication by the defendant that Mrs. Bloxham did not have custody of her son, and based upon the fact that she attended court with him, she apparently did have custody. The statutory requirements were, therefore, met by service on the single parent and in the manner of service used.

The final assignment of error is that the verdicts were not supported by the evidence. Clearly, from the summary given above, the guilt of Clifford and Calvin Bloxham was adequately proved. Furthermore, the evidence against defendant James Bloxham was sufficient for the jury to conclude that he aided his brothers in the commission of the homicide by preventing Don Yandell from going to the aid of the victim, and he too could have been found guilty of first degree manslaughter. We therefore find this assignment of error to be without merit.

It is the opinion of this Court that the defendants received a fair and impartial trial and that as to all three the judgments and sentences appealed from should be, and hereby are, *AFFIRMED*.

CORNISH, P. J., and BRETT, J., concur in results.