Kelley Spencer WARD, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–79–616.

Court of Criminal Appeals of Oklahoma.

May 1, 1981.

Frank H. McCarthy, Asst. Public Defender, Tulsa, for appellant.

Jan Eric Cartwright, Atty. Gen., Danny K. Shadid, Asst. Atty. Gen., Richard Parrish, Legal Intern, State of Oklahoma, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

The appellant was convicted of Pointing a Firearm in the District Court of Tulsa County, Case No. CRF–78–2150. A sentence of seven (7) years was imposed.

The conviction stems from a well-publicized incident occurring during the 1978 gubernatorial primary campaign. On August 22nd of that year, then Attorney General Larry Derryberry was present at the Mayo Hotel in Tulsa, Oklahoma, to participate in a watch party for his bid to be nominated as a candidate for the Governor of Oklahoma. As candidate Derryberry was preparing to leave the Mayo Hotel to meet other commitments in Oklahoma City, a man in the crowd produced a pistol and began firing. One of the shots hit Mr. Derryberry in the neck. The man with the gun was disarmed and was later identified as the appellant. Fortunately, although the appellant's gun was real, his bullets were not. A later examination of the gun re-

vealed that the cartridges in the gun contained only red paint sealed with wax. Mr. Derryberry was unharmed.

The appellant voluntarily elected to proceed to trial pro se. At trial, the appellant's principal defense was that his acts were an expression of a political statement rather than a criminal act.

## I.

As his first proposition the appellant, by and through a brief filed by the public defender, asserts that the trial court erred by its refusal to allow him to represent himself on appeal without the aid of the public defender. This proposition is patently frivolous.

> The following exchange occurred at trial:
> THE DEFENDANT: I have done this whole thing myself so far and I want to keep on doing it. I'd just as soon the Public Defender's Office not do it, and I would like to have the entire record so I can prepare my appeal.
> THE COURT: Well, certainly I'll allow you to work in conjunction with the Public Defender's Office in perfecting this appeal, and that will be allowed, certainly. Do you have any other statement to make, Mr. Ward, prior to sentencing?
> THE DEFENDANT: Just like to have a reasonable appeal bond so I can get out and try to make this appeal, so I can go to the law library. So far the State has done everything in this matter to keep me locked up so I wouldn't have a fair chance to fight this. If I would be allowed to go on the street before I went to trial, I'm sure I could beat it at trial. [Tr. 198]

■ A criminal defendant who prior to trial, voluntarily and intelligently elects to represent himself has an absolute right to do so. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Parker v. State*, 556 P.2d 1298 (Okl.Cr.1976). On appeal, however, the right to self-representation is not absolute. See *Price v. Johnston*, 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948). In an appeal situation this Court has the inherent authority to consider arguments from more than one source. The appellant has no absolute right to have this Court consider *only* the legal arguments which he has raised on appeal. It was therefore not error for the trial court to appoint the public defender to perfect the appeal even though the appellant objected. In addition, we note that the appellant has filed his own brief and the arguments presented therein will be considered along with the arguments raised by the Public Defender. This is as far as the right to self representation extends on appeal in the absence of a clear showing of prejudice.

## II.

In his pro se brief the appellant makes numerous political arguments concerning the alleged impropriety of his conviction. We shall only consider those arguments which have some legal basis.

■ The appellant's first pro se argument alleges that his act was a mere civil assault and battery and no criminal violation has occurred. The fact that an act may be civilly actionable does not prevent that act from being criminally punishable. We refer the appellant to the provisions of the Criminal Code defining and punishing various forms of assault and battery. See, 21 O.S.1971, § 641 et seq. The appellant could have been charged with assault and battery. The Tulsa County District Attorney chose to charge a different offense, namely, Feloniously Pointing a Firearm.

■ The appellant further argues, however, that the prosecutor could not charge the offense of pointing a firearm because he, the appellant, went farther than a mere pointing and committed assault and battery by discharging the weapon. This type of merger of offenses argument is without merit. In the case of *Saxon v. State*, 19 Okl.Cr. 58, 198 P. 107 (1921), the evidence showed that the defendant had pointed a gun at his victim and had then proceeded to use the gun as a bludgeon, thus committing assault and battery. The defendant was charged and convicted of pointing a weapon. The court stated that "[i]t was discre-

tionary with the prosecuting attorney to elect before trial for which offense he would prosecute the accused where the evidence showed the commission, by the same act or transaction, of more than one offense." *Id.* at 62, 198 P. at 108. See also, 21 O.S.Supp.1971, § 11. The *Saxon* case is dispositive of this issue.

■ The final pro se contention is that the trial court erred by rejecting all of the appellant's requested instructions. No authority is cited in support of this contention. It will therefore not be considered on appeal. See, 22 O.S.Supp.1980, ch. 18 App. Rule 1.7.

### III.

■ We next consider the arguments contained in the brief filed by the public defender. The appellant contends that his right to equal protection of the law has been violated. He bases this contention on the fact that prosecutors in Oklahoma are given the discretion to charge a defendant with either a felony or a misdemeanor for the offense of pointing a weapon. *Compare* 21 O.S.1971, § 1289.16 *with* 21 O.S.1971, § 1279.

As the appellant concedes, this Court has already entered an adverse ruling to his position on this type of equal protection argument. See *Hunt v. State,* 601 P.2d 464 (Judge Brett dissenting) (Okl.Cr.1979) *cert. denied,* 446 U.S. 969, 100 S.Ct. 2951, 64 L.Ed.2d 830 (1980). In *Hunt,* we held that where a felony statute and a misdemeanor statute covering the same subject matter contain identical elements, it is not a violation of equal protection for the prosecutor to exercise his discretion in deciding under which statute to file charges. He urges that we reconsider our earlier position in *Hunt.* We decline to do so. This proposition is therefore without foundation.

### IV.

As a related proposition, the appellant claims that because the lower court instructed the jury on both the felony and the misdemeanor offense of pointing a weapon,

he could only be lawfully convicted of the lesser misdemeanor. No authority is relied on to support this proposition. For this reason, it will not be considered. See *Dick v. State,* 596 P.2d 1265 (Okl.Cr.1979); *Owens v. State,* 588 P.2d 581 (Okl.Cr.1978).

### V.

■ The final proposition relates to alleged improper prosecutorial comments. In his closing argument, the prosecutor, Mr. Truster, made the following remarks:

"... Larry is all right. He's not lying dead at the hands of an assassin. He's not the victim, like Martin Luther King, like Jack Kennedy, Bobby Kennedy, this was a whimsy, a prank. Who knows? He does [referring to Mr. Ward], but he tells you he didn't intend to hurt anyone. Why use red ink, for heaven's sake?

. . . . .

You are all good thinking people. You've got to know what this is all about. Yes, it's important to Mr. Ward. Also, it's so very very important to our society.

What's the State? I'll tell you what the State is, Mr. Kelley Spencer Ward. The State, the government, is the people. It's the people who have the God given right, and who had the struggle in all the years of our history, it's the people who can walk the Tulsa County streets free from harm. It's the people's right to be free and exercise their choice in religion and all facets of life. It's the people's right to pursue their happiness unrivaled by kooky behaviors like yours." (Tr. 185).

The impropriety of the above quoted comments is clear. The comparison of the present act to acts committed by others which resulted in death to national leaders could only have been intended to arouse the passions and prejudices of the jurors. Such comments have no justification. See, *Meggett v. State,* 599 P.2d 1110 (Okl.Cr.1979). The statements concerning the rights of the people are also improper. We cannot allow a prosecutor to stand on a soap box and make an impassioned argument which is outside the evidence presented at trial. These arguments are improper and intolera-

ble to this Court. See, *Cooper v. State,* 584 P.2d 234 (Okl.Cr.1978).

In a close case, this type of prosecutorial misconduct would require reversal. In the present case, however, the evidence of guilt is so overwhelming that any prejudice resulting from the comments could only have influenced the jury's assessment of the punishment rather than the verdict of guilt. For this reason, we find that the interest of justice would best be served by modification of the appellant's sentence.

For the above reasons the appellant's sentence is hereby MODIFIED from seven (7) years to five (5) years and as so MODIFIED, the judgment and sentence is AFFIRMED.

BRETT, P. J., dissents.

BUSSEY, J., concurs.

BRETT, Presiding Judge, dissents.

For the reasons stated in this opinion, that the prosecutor's comments are intolerable, exceeding the limits of reasonable argumentation and inferences and that his statements were intended to outrage the jury, I feel compelled to dissent. I would reverse and remand this conviction for a new trial.