ROWLAND, JUDGE, SPECIALLY CONCURRING:
¶1 I concur in Judge Hudson's thorough and erudite opinion and its comprehensive treatment of the terms "larceny" and "steal" as used in our statutes. I write to further stress the point that a statute is not unconstitutional or otherwise infirm simply because it punishes as a felony conduct which may also constitute a misdemeanor under a different statute, or vice-versa. See State v. Haworth, 2012 OK CR 12, ¶ 19, 283 P.3d 311, 318 (reversing trial court's dismissal for insufficient evidence where vehicular death could be charged as either felony manslaughter or misdemeanor negligent homicide); Ward v. State , 1981 OK CR 52, ¶ 11, 628 P.2d 376, 379 (rejecting an Equal Protection challenge based on fact that pointing a firearm may be charged as either a felony or misdemeanor). Furthermore, in 2016 the Oklahoma Legislature added Section 234 to Title 22 allowing prosecutors to charge all but a handful of felonies as misdemeanors, at their discretion and after consideration of several factors set forth in the statute.
¶2 Cooper's specific complaint in the district court was that 21 O.S.Supp.2016, § 1716(B) is unconstitutionally vague and the trial court agreed and granted her motion to dismiss the charge. "As generally stated, the void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." Weeks v. State , 2015 OK CR 16, ¶ 18, 362 P.3d 650, 655 (quoting Kolender v. Lawson , 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) ). There is nothing remotely vague about either of the statutes at issue here. Both prohibit snatching a dog which does not belong to you, and the fact that such conduct may constitute a felony or misdemeanor in no way changes the fact that "ordinary people can understand" that taking someone else's dog is against the law.
LEWIS, VICE PRESIDING JUDGE, CONCURRING IN RESULTS:
¶1 The Opinion reaches the correct result in finding that 21 O.S.2011, § 1716 is constitutional and that the district court erred in finding that it was not. The Opinion, however, engages in needless verbal and legal gymnastics to conclude that larceny of a dog as personal property, 21 O.S.2011, § 1717 -18, and larceny of a dog as a domestic animal, 21 O.S.Supp, § 1716(B), contain different elements. This does not make one of the statutes unconstitutional.
¶2 As the Opinion finally states, the State has discretion regarding which crime to charge even when an act violates more than one criminal statute and the two different criminal statutes provide for divergent penalties.
*959 Childress , 2000 OK CR 10, ¶ 18, 1 P.3d at 1011 ; Haworth , 2012 OK CR 12, ¶¶ 13-15, 283 P.3d 311, 316-17.
¶3 Although I find that the correct result was reached, I find it unnecessary to delve into a complete scholarly article finding that stealing and larceny are different under Oklahoma statutes. I, therefore, concur in result only.